TERRILL vs. CHAMBERS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

The proceedings instituted by a proprietor of land, before the register and receiver, to inquire into the titles of his neighbor's land, arising on *confirmed claims*, although they cause much trouble and expense to the adverse party, form no claim for damages, when it is not shown they were prompted by malice.

When excessive damages are given, the verdict and judgment will be set aside, and the case remanded for a new trial.

This is an action of boundary and jactitation of title, in which damages are claimed. The plaintiff alleges that he is part owner of six hundred arpents of land, on the left bank of Bayou Robert, descending, the title to which, by several mesne conveyances was derived from the late Dr. John Towles; that this tract is bounded below by lands formerly owned by W. H. Cureton, but now the property of the defendant; that said Towles sold two hundred and ninety-four arpents of the lower part of said tract to N. Cox, which, by several mesne conveyances, became the property of defendant; and the upper part to Wm. Miller, from whom, through several conveyances, he derives title.

The plaintiff further shows, that the defendant has trespassed on his lower boundary, and claims the whole of this

tract to his damage, five thousand dollars ; that the defendant has slandered his title by publicly declaring he has a better title, and he has been requested to desist or bring suit and try the title to the same, which he has refused.

He further states, that there has never been a boundary line established between him and the defendant, separating the respective portions purchased originally from said Towles. He prays that a permanent boundary be fixed ; that he be quieted in his title, and have judgment for his damages sustained in the premises.

The defendant pleaded a general denial, and averred that he is the party aggrieved ; that he is the owner of the balance, and upper part of the Towles' tract, having purchased the whole of it at the sale of Havard's succession in 1830. He further shows, that this sale includes three tracts, described in a decision of the Supreme Court, in the cases of Turnbull against Cureton, etc. 9 *Martin*, 37.

He prays that a boundary be established between him and the plaintiff, and for five thousand dollars in damages.

The case was tried before the court and a jury, on these pleadings and issues.

The evidence showed, that the defendant instituted proceedings against the plaintiff, before the register and receiver at Opelousas, under an act of congress, and had been cited there relative to the conflicting claims of their lands, which caused trouble and some expense to him, in sending his lawyer, to whom he paid two hundred dollars; and finally, the register and receiver refused to act in the matter. It further appeared, the defendant rode on to the plaintiff's premises, where his overseer and negroes were at work, and rose up in his stirrups and ordered them off, alleging, that the land was his. But this interruption only lasted about fifteen or twenty minutes. On the trial the defendant introduced no evidence. The jury returned a verdict for the plaintiff of sixteen hundred dollars in damages. From judgment rendered thereon the defendant appealed.

*Hyams*, for plaintiff, insisted, that the conduct of the

defendant was wanton and malicious, and had caused great trouble, expense and injury to the plaintiff, for which he was entitled to exemplary damages.

2. These proceedings could not be excused or justified, on the ground that the boundary lines between the parties were not settled and fixed. On the contrary, the decision of this court in the cases of Cureton and Turnbull, in 9 Martin 37, settled all the conflicting claims to the respective tracts of land between them.

3. The plaintiff has proved that he paid two hundred dollars, besides other expenses and trouble in attending before the register and receiver, at Opelousas, all of which was vexatious and uncalled for, and is ground for damages.

*Brewer* and *Dunbar*, for the defendant, contended, that the difficulties between the parties in this case, arose from conflicting claims to adjoining tracts of land. The proceedings at Opelousas, were fully authorized by a law of congress, to adjust the surveys and titles in relation to all *confirmed claims* as may conflict, or in any manner interfere with each other. The defendant had a right to institute these proceedings, whether they were successful or not, and they do not present a claim for damages. See *Acts of Congress*, 1831, *sec.* 6, *page* 111, 12.

2. The trespass complained of is a mere trifle, as shown by the evidence. No damage or injury whatever was sustained ; and the jury must have been led away by their feelings against the defendant, because he is represented as rich, and the other poor. The damages are excessive and unjust, and the verdict and judgment should be reversed.

*Carleton, J.,* delivered the opinion of the court.

The plaintiff avers, that he is the owner of a tract of land, described in his petition, which, he alleges, the defendant invaded, without any right or title whatever, and interrupted the labor of petitioner's slaves, by ordering them and his overseer to quit the premises, by which he has been endamaged in the sum of five thousand dollars ; that the defendant pub-

licly slandered his title, and caused proceedings to be instituted at Opelousas, to induce the United States government to deprive him of his land ; that the defendant will not desist from his unjust pretensions, nor bring an action to establish his title ; but has driven the petitioner to the expense and trouble of instituting suit to maintain his rights, whereby he has sustained damage in the further sum of five thousand dollars ; and concludes with a prayer that the defendant be decreed to exhibit his title, if any he have, or that he be enjoined from setting up further pretensions to the land ; that the petitioner be quieted in his possession ; that he have judgment for the sum of ten thousand dollars damages ; that a boundary line be established between the parties, and for general relief.

The defendant, for answer, denies generally, and avers that he is the owner of the land in question, as purchaser, at the sale of the succession of John Havard, deceased ; prays likewise for the establishment of the boundary line ; that he be quieted in his possession, and reconvenes the plaintiff in the sum of five thousand dollars damages, for his illegal detention and cultivation of the land during three years.

The jury found a verdict in favor of the plaintiff, assessing his damages at sixteen hundred dollars.

The court pronounced judgment for that sum, and furthermore decreed that the plaintiff be quieted in his title and possession.

The controversy in this case, turns entirely upon the question of damages ; and is, therefore, the only point in the cause necessary for us to notice.

It appears from the facts disclosed at the trial before the District Court, that the defendant was informed by the surveyor general at Donaldsonville, that the register and receiver of the proper districts, were authorized by an act of congress of 1831, to inquire into titles in cases arising on confirmed claims ; that Chambers accordingly presented a petition to that effect to the register and receiver of the land office at Opelousas, and caused Terrill to be cited to appear before them on the 31st day of March, 1836 ; that being

unwell, he sent his agent to Opelouses to attend to this business, and employed counsel to whom he paid two hundred dollars. It appears, on the arrival of the agent at Opelousas, the register and receiver refused to act. It also appears, that while Mr. Wise, the plaintiff's overseer, was employed cutting wood, with several slaves, on the land in dispute, Chambers rode up and ordered them off, rising in his stirrups and lifting his whip, so that the negroes ceased from their work ; and directed the witness to tell Terrill to meet him there the next morning to settle the business ; that the hands were very much alarmed, but did not stop from their work more than fifteen minutes.

The proceedings instituted by a proprietor of land, before the register and receiver, to inquire into the titles of his neighbor's land, arising on *confirmed* claims, although they cause much trouble and expense to the adverse party, form no claim for damages, when it is not shown they were prompted by malice.

We have not been able to procure a copy of the act of congress, under which the proceedings at Opelousas were had ; and cannot, therefore, understand the nature of the powers with which those officers are clothed. We are, however, of opinion, that these proceedings form no just claim for damages on the part of the plaintiff. From the documents on file, we think the defendant might well be mistaken as to the precise nature of his title. It is not shown that he acted in malice, and if he caused trouble and expense to the plaintiff, it was not with the intention to injure him, but to establish his own rights, with no less trouble and expense to himself.

When excessive damages are given, the verdict and judgment will be set aside, and the cause remanded for a new trial.

With respect to the alleged trespass, by interrupting the labor of plaintiff's slaves, for only fifteen minutes, we think the injury too trifling to be a subject of serious complaint ; and although we would disturb the verdict of a jury, assessing damages with great reluctance, yet where such damages are excessive, and altogether unsupported by testimony, as in the case now before us, it becomes our duty to set it aside and remand the cause to be *tried de novo*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that the verdict of the jury be set aside ; that this cause be remanded for a new trial, the appellee paying the costs of appeal.