EASTERN DIST. *May,* 1839.

HENRY *vs.* DUFILHO, JR.

---

## HENRY *vs.* DUFILHO, JR.

**APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.**

A party, who has reasonable grounds to believe that he has a good cause of action, and brings his suit, is not liable to the adverse party in an action of damages, if he discontinues or loses his case.

A party plaintiff is not bound to repair the damages which he may cause to others, by the legitimate exercise of his legal rights.

But if a party sues without color of title, and malice is shown or may be inferred, the adverse party is entitled to recover in an action of slander of title.

This is an action to recover from the defendant three thousand eight hundred and seventy dollars in damages, for slandering and setting up title by suit to certain town lots.

The plaintiff alleges, that he purchased certain lots of ground in the city of New-Orleans, at the probate sale of Jean Gravier's property, in 1836, for five thousand one hundred and thirty dollars; that in January, 1837, he was offered nine thousand dollars for said property, but the defendant threatened to sue, and did actually institute suit against him for the same property, alleging he had purchased it, or claimed under one John M'Donough; which suit he afterwards discontinued.

The plaintiff alleges, that by reason of the slander of his title, he was deprived of selling his property at a great profit, and has suffered damages in the sum of three thousand eight hundred and seventy dollars, for which he prays judgment.

The defendant averred, that the plaintiff showed no cause of action ; admitted he had instituted suit for the city lots in question, but did so in the legal prosecution of his rights, and *without malice.*

Upon these pleadings and issues the cause was tried.

It appeared in evidence, that John M'Donough had owned the square of ground in which these lots are situated, having purchased them at sheriff's sale, in 1830, which was since declared a nullity, and the property decreed to belong to Gravier's succession ; and sold as such in 1836, when these lots were purchased by the present plaintiff. In the meantime, however, the defendant exchanged certain grounds with M'Donough, embracing the premises in question. The present defendant supposing himself the true owner, claimed title to and sued the present plaintiff in February, 1837, but finding his title was not good, discontinued his suit. Just before the institution of the suit, the plaintiff was offered nine thousand dollars for the property, which had cost him five thousand one hundred and thirty dollars. No malice was proved.

There was judgment for the defendant and the plaintiff appealed.

*Grivot,* for the plaintiff, urged, that the defendant was liable in damages ; for if he had rights to this property, they accrued according to his own showing, before the sale of it was made to the present plaintiff by the curator of Gavier's succession. His waiting until the sale and vexing the purchaser with his suit, and destroying the value of his property, is good cause of action. This shows malice on his part, which makes him liable for all the damage that ensued ; this is shown to be the amount claimed.

*L. Janin,* for the defendant, insisted that the defendant acted in all this matter in good faith, and without malice. He is not, therefore, liable for a mere mistake in claiming title, and in asserting what he believed to be his legal rights.

*Rost, J.,* delivered the opinion of the court.

This is an action of damages, instituted by the plaintiff for slandering his title to certain town lots.

The defendant denied all the facts and allegations in the plaintiff's petition, and alleged, that having purchased in good faith the lots mentioned in the plaintiff's petition, and being without notice of the plaintiff's title, he had instituted a petitory action against the said plaintiff to recover them, but that this action was instituted without malice and in the prosecution of his legal rights. The court below gave judgment in his favor and the plaintiff appealed.

*Where a party, who has reasonable grounds to believe that he has a good cause of action, and brings his suit, he is not liable to the adverse party in an action of damages, if he discontinues or looses his case.*

*A party plaintiff is not bound to repair the damages which he may cause to others by the legitimate exercise of his legal rights.*

This being an action of slander, the plaintiff was bound to show malice in the defendant. If it appeared that the defendant had no color of title, when he instituted his petitory action, malice might perhaps be inferred from that circumstance. But the evidence shows that he had purchased the land in good faith, and had every reason to believe himself the owner of it ; so that this case narrows itself to the single point, whether a plaintiff, who has reasonable grounds to believe that he has a good cause of action, is liable to an action of damages, when he discontinues or looses his case ? the question carries its own answer. The plaintiff, under these circumstances, is not in fault, and he is not bound to

repair the damage which he may cause to others, by the legitimate exercise of his legal rights.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.