Walmsley *vs.* Robertson.

---

No. 755.

## W. E. WALMSLEY VS. G. W. ROBERTSON.

The action of jactitation will not lie against one in possession under a title.

Where a lessee drags his own lessor into court in an action of jactitation, and is met by proof that he has himself slandered his lessor's title, the latter is entitled to reasonable damages, and the judgment below for attorney's fees upon the dissolution of an injunction, restraining the defendant from dispossessing the plaintiff, will be approved.

APPEAL from the District Court for Red River.   CHAPLIN, J.

*L. B. Watkins* for Plaintiff.   *Duncan & Moncure* for Defendant.

The suit is for slander of title, accompanied by an injunction to restrain the defendant from disturbing the plaintiff.   The defendant admits that he claims title, and avers his readiness to sue to establish it.   He alleges that the plaintiff is not in possession as owner, but as his lessee not for any definite time, but subject to defeasance at any time by the happening of certain conditions expressed in the lease, viz.:   whenever the plaintiff shall move from the land, the defendant shall have the right to terminate the lease by paying back to the lessee the same sum he paid for it, and that the condition has happened.   He prays for rent, and for $500 damages as attorney's fees, and the statutory damages on dissolution of the injunction. The only title set up by the plaintiff is an instrument executed by the defendant in which he declares that he has " quit-claimed, set over, and leased " to the plaintiff the land in controversy subject to his right to enter upon and repossess it upon the happening of the foregoing condition.

EGAN, J.   The plaintiff insists that this was not a lease, but a sale. It has none of the elements of a sale, and contains no language indicating a purpose to sell.   The parties assume in express terms the qualities of lessor and lessee.   The plaintiff has no title to slander, and not such possession as entitled him to bring this suit, which does not lie against a possession with title.   Copley *v.* Hasson, 4 A. 531.

It is in general true that attorney's fees cannot be allowed upon a dissolution of this kind of injunction, and that the party is remitted to his action on the bond. But in this case where a plaintiff has dragged his own lessor into court in an action of jactitation, and is met by evidence that he has himself slandered the title of his lessor, the latter is entitled to damages. 14 La. 48; 2 R. 331; 12 A. 873.

We cannot amend the judgment as prayed by the defendant so as to include the rents. They are not recoverable in this action, but must be sued for independently, as must likewise the declaration of forfeiture of the lease, to which the matter of rents will be an incident.

The judgment below rejected the demand of plaintiff and gave the defendant $300 damages as attorney's fees.

*Judgment affirmed.*