April 1st, 1912.

———o———

## 5548.

(Court of Appeal, Parish of Orleans.)

## GEORGE K. PRATT vs. ARTHUR McGUIRK.

Damages for slander of title will not be imposed unless malice is proved.

Appeal from the Civil District Court, Division "C."

Solomon Wolff, for plaintiff and appellant.
Thorpe & Gilmore, J. B. Rosser, Jr., for defendant and appellee.

GODCHAUX, J.—This is a suit for damages for slander of title. The property in question was adjudi-

cated to defendant at probate sale. At the request of plaintiff, the real owner of the propery, defendant and his attorney addressed to him a letter detailing the circumstances upon which they relied to establish the validity of defendant's and to defeat plaintiff's title. Several interviews upon the subject ensued which culminated in a written demand upon defendant to disclaim title and the request having been ignored, the present suit was instituted.

It does not appear that defendant ever slandered the title in the presence of third persons or that he ever uttered or published the alleged slander other than on the occasion recited when he wrote to defendant and met him at the interview aforesaid. The defendant's answer which disclaims title and which consequently eliminated all issues in the case except that of damages, was filed as a substitute for his original answer which was lost or mislaid. Plaintiff contends that the original answer differed from the substitute filed in that it affirmatively set up title in defendant, but the record before us hardly justifies such a conclusion. It further appears that defendant refused to comply with the adjudication in the probate proceedings on the ground that the title tendered was not valid, the real ownership resting in plaintiff; but the record does not disclose whether this refusal occurred prior to or subsequent to the institution of these proceedings.

With these facts before it, the lower Court declined to assess damages for the alleged slander; and of this alone the plaintiff complains on his present appeal.

It is well settled that damages for slander of title cannot be recovered unless malice is shown.

> Henry vs. Dufilho, 14 La., 48;
> Walden vs. Peters, 2 Rob., 331;

— 218 —

Williams vs. Close, 12 An. 873;

Clarkson vs. Vincent & Co., 32 An., 614;

Lange vs Baranco, 32 An., 700.

Irrespective of whether the burden rested upon plaintiff or upon defendant of proving the presence or absence of malice (see **Henry vs. Dufilho, supra),** the Court is of opinion that the record sufficiently discloses a lack of intent on defendant's part to commit wrong or injury. As adjudicatee he had the undoubted right to form and express an opinion as to the validity of the title he would acquire. This opinion, concurred in by able counsel that he retained, he communicated to plaintiff alone and at the latter's request. It was not published to the world, nor placed of record, nor did defendant attempt to becloud plaintiff's title or do aught to render it unmerchantable.

It is true he ignored the request before suit to disclaim title, but at that time he was a mere adjudicatee without title to disclaim. He subsequently refused to comply with the adjudication on the ground that the ownership vested in plaintiff and his answer formally acknowledges the latter's title. Certainly no evidence of malice is disclosed by these circumstances.

The lower Court properly rejected the claim for damages and the judgment is accordingly affirmed.

Judgment affirmed.

St. Paul, J. takes no part.

April 1, 1912.

Rehearing refused April 17, 1912.