O’NIELL, J.
Plaintiff appeals from a judgment rejecting a demand for damages for an alleged slander of title.
The facts upon which the action is founded are set forth in the opinion in Slattery v. Greater New Orleans Realty & Development Co., 128 La. 871, 55 South. 558, substantially as follows: Defendant was a stockholder in the Greater New Orleans Realty & Development Company. In September, 1906, an agreement was made and ratified by a majority of the stockholders of the company for a merger with the plaintiff in this suit, a competing corporation. Defendant, Slattery, as a stockholder of the Greater New Orleans -Realty & Development Company, brought suit, and by injunction prevented the merger. Being advised by their attorneys that the proposed merger would not be legal, the majority of stockholders of the Greater New Orleans Realty & Development Company met and rescinded their act of ratification of the proposed merger, and at the same meeting adopted resolutions dissolving the corporation, appointing liquidating commissioners, and authorizing them to sell the property of the corporation (including an option on property owned by one George G. Friedrichs) at a price not less than a sum stated in the resolution. The liquidating commissioners made the sale to the New Orleans Land Company; whereupon Slattery brought suit against the liquidating corn-missioners, the New Orleans Land Company, and George G. Friedrichs to annul the resolution dissolving the Greater New Orleans Realty & Development Company, and to annul the sale of the corporation’s property (as well as a sale made by Friedrichs) to the New Orleans Land Company. Observing the provisions of Act No. 134 of 1898, p. 215, and Act No. 22 of 1904, p. 25, Slattery had notice of the pendency of both of his suits recorded in the mortgage office in the parish of Orleans. Slattery’s demand in the second suit was rejected, and his suit was dismissed, and on appeal to this court the judgment was affirmed, two of the five justices dissenting. See Slattery v. Greater New Orleans Realty & Development Co., 128 La. 871, 55 South. 558. Thereupon Slattery had the notices of pendency of his suits canceled from the mortgage records.
It appears that the plaintiff in this suit had an opportunity to sell two pieces of the property acquired from the Greater New Orleans Realty & Development Company; but, when the mortgage certificates disclosed the pendency of Slattery’s suits, the prospective purchasers declined to buy. It is contended by plaintiff in this suit that the market value of the property declined while the notices of pendency of Slattery’s suits remained on record, and that, in consequence, the price ultimately received was $11,875 less than would have been obtained but for the record of the notice of pendency of Slattery’s suits. Hence this suit is to recover the alleged loss of $11,875.
Plaintiff does not allege or contend that Slattery is liable in damages for filing and prosecuting his suits. The only act for which he is sued in damages is the recording of the notices of pendency of his suits. Nor is it alleged or contended that Slattery was influenced by malice or improper motive, or that he acted without probable cause.
Slattery did not, in his second suit, obtain *259 or ask for a writ of injunction pendente lite, but merely prayed that, after trial, the defendants should be enjoined not to carry out the proceedings complained of.
[1] In view of the fact that the defendants in Slattery’s first suit acceded to his demand, and that in the second suit he acted upon advice of highly respected attorneys at law, whose opinion of the justness of his demand was afterwards shared by two of the judges who heard and considered his cause, it cannot be said that he acted without probable or reasonable cause for filing the suits.
Under the circumstances, there is no more reason for holding the defendant here liable in damages for having recorded a notice of pendency of his lawsuits than there would be for holding him liable if his suits had been filed before the enactment of a statute requiring such registry to give notice to third parties. He was as well within his legal right in recording a notice of pendency of his suit as hé was in filing the suit. The situation therefore is the same as if he had not recorded the notice, and the prospective purchasers had been deterred from buying the property in contest by hearing or otherwise learning of the pendency of the suits. If Slattery’s suit had been filed before the enactment of the Act No. 134 of 1898, third parties would have been held to have knowledge of it, without any record of notice in the mortgage office. See Rev. Civ. Code, art. 2455.
[2, 3] A plaintiff who has reason to believe that he has a good cause of action is not rendered liable iq damages to the person sued by the finding of the court that the plaintiff had not a good cause of action. Henry v. Dufilho, 14 La. 48. An action for damages for slander of title, like a suit for damages for malicious prosecution, cannot be maintained if the act complained of was done without malice and was founded upon probable cause or was prompted by a reasonable belief in a just cause of action. Terrill v. Chambers, 12 La. 582; Walden v. Peters, 2 Rob. 331, 38 Am. Dec. 213; Sibley v. Lay, 44 La. Ann. 936, 11 South. 581; Morgan v. Illinois Central Railroad, 117 La. 671, 42 South. 216; Kirk v. Weiner-Loeb Laundry Co., 120 La. 820, 45 South. 738.
The judgment'is affirmed.