ST. PAUL, J.
 

 Plaintiff was defendants’ tenant, and they sued her for possession of
 
 *383
 
 the premises, on the ground that the lease liad expired and had not been renewed. They won their suit in the court of first in■stance, but lost it on appeal.
 

 I.
 

 Plaintiff, who kept a boarding house in the leased premises, now sues these defendants for the loss of profits growing out of the fact that many boarders left her and other boarders refused to come to her during the pendency of the suit, fearing that the out<come thereof might be against her and that they would be disturbed. She' further alleges that a “For Sale” sign was placed on ■said premises and had a like effect upon her boarders.
 

 II.
 

 The lease under which plaintiff occupied the premises contained a clause under which the lessor had the right to post “For Sale” signs on the premises during the lease. And, since defendants had a right to do what they did, any loss resulting from the exercise -of that right was damnum absque injuria.
 

 III.
 

 The suit which defendants brought against plaintiff to eject her from the premises was brought without malice and under the advice >of competent counsel that they were entitled to possession of the premises. In New Orleans Land Co. v. Slattery, 145 La. 256, 82 So. 215, this court held that a plaintiff who has reason to believe that he has a good cause of action is not rendered liable in damages to the person sued by the finding of the court that plaintiff did not have a good cause of action, even where the pendency of the suit was brought to the knowledge of third persons and thereby caused some damage to defendant.
 

 IV.
 

 There is also a claim for some .?25 for .repairs made by plaintiff to the proof of premises, which should have been made by defendants as lessors. But it is neither alleged nor proved that, before making said repairs, plaintiff called upon. defendants to make them and they refused. R. C. C. art. 2694. Shall v. Banks, 8 Rob. 171; Hennen v. Hayden, 5 La. Ann. 713; Talley v. Alexander, 10 La. Ann. 627.
 

 The demand of plaintiff was properly rejected.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.