LAND, J.
 

 Plaintiffs and defendant own adjoining lots in the city of New Orleans, fronting on Baronne street.
 

 In erecting a four-story brick building on their corner lot, plaintiffs used defendant’s wall and a four-inch strip beyond the wall.
 

 Thereupon defendant caused an affidavit to be recorded in the office of the recorder of mortgages for the parish of Orleans in which he claimed “that the wall is worth $9,850, and Lotz’s 4 inches of land on the Hurwitz side of the wall, plus the 9 inches on which one-half of the wall rests, is worth $2,166.66; and that he, Lotz, therefore has a lien on the relators’ lot to secure him, Lotz, the payment of the total valuation of $12,016.00.”
 

 In State ex rel. Hurwitz et al. v. Recorder of Mortgages et al., 165 La. 334, 115 So. 582, judgment was rendered in favor of relators ordering the cancellation of the inscription in question, since Lotz had no lien on relators’ property as security for his claim.
 

 The present suit has been brought by the Hurwitzes against Lotz for $51,200 damages', alleged to be recoverable because of the recordation of this affidavit and its subsequent cancellation.
 

 From a judgment dismissing their suit, plaintiffs have appealed.
 

 The damages claimed are itemized as fol: lows:
 

 (1) Attorney’s fees paid in mandamus suit lor cancellation of privilege affidavit reeordation, $200.
 

 
 *30
 
 (2) Annoyance, worry, and loss in giving col-' lateral security for title bond in connection with mortgage placed upon plaintiffs’ property, $1,000.
 

 (3) Difference between alleged selling value, of property at time of institution of this suit and amount offered plaintiffs for property while privilege affidavit was of record, $40,-000.
 

 (4) Vexation, worry, annoyance, and loss of time caused plaintiffs by inscription, $10,000.
 

 The record shows that, in placing the affidavit on record, defendant acted in good faith and under the advice of competent counsel.
 

 We have repeatedly held that “courts cannot inflict damages on a party for resorting in good faith to law for the protection of his rights.” Bladg v. Giacomino, 170 La. 638, 128 So. 661, 662; Girot v. Graham, 41 La. Ann. 511, 6 So. 815; Brelet v. Mullen, 44 La. Ann. 199, 10 So. 865.
 

 In New Orleans Land Co. v. Slattery, 145 La. 256, 82 So. 215, 216, plaintiff was unsuccessful in establishing title to immovable property and defeated a profitable sale of the property, during the pendency of the suit, by the recordation of a lis pendens notice under Act No. 22 of 1904.
 

 In that case the court said: “A plaintiff who has reason to believe that he has a good cause of action is not rendered liable in damages to the person sued by the finding of the court that the plaintiff had not a good cause of action. Henry v. Dufilho, 14 La. 48. An action for damages for slander of title, like a suit for damages for malicious prosecution, cannot be maintained if the act complained of was done without malice and was founded upon probable cause or was prompted by a reasonable belief in a just cause of action. Terrill v. Chambers, 12 La. 582; Walden v. Peters, 2 Rob. 331, 38 Am. Dec. 213; Sibley v. Lay, 44 La. Ann. 936, 11 So. 581; Morgan v. Illinois Central Railroad, 117 La. 671, 42 So. 216; Kirk v. Wiener-Loeb Laundry Co., 120 La. 820, 45 So. 738.” ' '
 

 As the affidavit of defendant was not recorded maliciously and without probable cause, plaintiffs are not’ entitled to recover the damages herein claimed. Hartz v. Stauffer et al., 163 La. 382, 111 So. 794; Graffagnini v. Shnaider, 164 La. 1108, 115 So. 287.
 

 Judgment' affirmed.