HALL, Judge.
Plaintiff, Conrad Stallings, a cotton farmer, appeals from a summary judgment rendered in favor of defendant, W. H. Kennedy & Son, Inc., a cotton buyer, dismissing plaintiff’s suit for damages arising out of the “impoundment” at a warehouse of plaintiff’s cotton during the course of prior litigation between the parties concerning a forward sale contract. For the reasons expressed in this opinion, we affirm the judgment of the district court.
The essential allegations of plaintiff’s petition can be summarized as follows:
(1) Defendant knowingly, willingly and in bad faith, caused the impoundment at a warehouse, from approximately December 15, 1973 until August 1, 1974, of 441 bales of cotton grown by plaintiff during 1973;
(2) Defendant caused the impoundment of plaintiff’s cotton stored at the warehouse by (a) first writing a letter to the warehouse claiming ownership of the cotton; (b) instituting suit against plaintiff and others seeking to compel delivery of the cotton grown by plaintiff and also cotton grown by others when defendant knew there was no contract between plaintiff and defendant, the record in the previous suit being made a part of the petition by reference; and (c) preventing plaintiff’s removal of the cotton from the warehouse after defendant lost the previous suit by influencing other cotton buyers not to buy the cotton until defendant obtained a full release of plaintiff’s claim for damages;
(3) On December 15, 1973, plaintiff could have sold the 441 bales of cotton, weighing approximately 500 pounds each, for $.85 per pound but when plaintiff was finally able to sell the cotton on or about August 1, 1974, he was able to receive only $.49 per pound.
Plaintiff itemized his damages as follows :
(1) Loss of $.36 per pound $ 79,380.00
(2) Storage and warehouse charges from December 15, 1973 through August 1, 1974 4,500.00
(3) Attorney's fees 27,960.00
TOTAL .$111,840.00
Defendant filed an exception of no cause of action and motion for summary judgment contending that plaintiff’s petition together with the record in the previous suit and together with affidavits filed in support of the motion for summary judgment, disclose there is no genuine issue of material fact and that plaintiff, as a matter of law, is not entitled to recover damages arising out of defendant’s assertion of its alleged legal rights under the contract at issue in the previous suit. The affidavit of the president of the defendant corporation attached to the motion for summary judgment states that the previous suit was filed in complete good faith for the assertion of what defendant believed to be its lawful rights under the forward sale contract for the sale of plaintiff’s 1973 cotton crop, that defendant acted throughout with and on the advice of counsel, that defendant was at no time motivated by any malice or ill will toward the plaintiff and that defendant did nothing to impede or retard shipment of the cotton following rendition of the judgment in the previous suit on June 7, 1974. An affidavit of one of defendant’s attorneys declares that his firm advised and counseled defendant throughout the institution and prosecution of the previous suit and that he had no knowledge at any time of any malice or ill will on the part of defendant.
A counter-affidavit by plaintiff declares than an employee of defendant told another person defendant’s case against him was a loser and that defendant knew it could *413 not win but had to go forward because they had made a claim with the warehouse. The affidavit further states defendant gave notice to the warehouse in December, 1973, when it knew it had no claim to th* cotton and defendant's announced intentior was to starve plaintiff to death, that is, tic up his cotton indefinitely in the warehouse and force him to sell defendant the cotton at defendant’s price. The affidavit further states that after judgment was rendered in the previous suit, defendant refused to release the cotton unless plaintiff would sign a release of his claim for damages and plaintiff was only able to sell the cotton after the ninety day period for appealing had run.
The record in the previous suit reveals that on January 24, 1973, plaintiff signed a document which purported to be a contract to sell to defendant all of the cotton to be produced by him during the 1973 crop year on certain property in Morehouse Parish. On August 27, 1973, plaintiff’s attorney advised defendant that plaintiff denied there was a valid contract and, therefore, did not intend to deliver any cotton to defendant. On September 13, defendant’s attorneys advised plaintiff’s attorney that defendant expected plaintiff to fulfill and perform the contract and had instructed the attorneys to institute such action as may be appropriate to that end.
On December 10, 1973, defendant’s attorneys wrote a letter to Louisiana Cotton Warehouse Co. Inc., where plaintiff’s cotton was stored, advising the warehouse that the cotton production of plaintiff for the year 1973 was under contract of sale to defendant. The letter states that its purpose is to notify the warehouse of the claims to ownership and possession of the cotton and advises that should any conflicting claim be presented to the warehouse it may wish to consult its own attorneys as to such legal measures it might wish to take. The letter calls attention to LSA-R.S. 54:1 et seq., and particularly sections 17 and 18 thereof pertinent to rights of warehouse-men confronted with adverse claims. Kennedy filed suit against Stallings on December 19, 1973, seeking specific performance of the forward sale contract. Stallings denied the validity but not the execution of the contract. A jury returned a verdict in favor of Stallings on June 7, 1974, rejecting Kennedy’s demand for specific performance. The instant damage suit was filed on September 17, 1974.
In granting the summary judgment, the district court in written reasons for judgment, analyzed the basic issue as follows:
“Whatever name or descriptive characterization may be applied to plaintiff’s instant suit, it is clear that the basic factual complaint is: defendant claimed it had a contract for plaintiff’s cotton but didn’t; that pursuant to this claim, defendant sought to compel him to deliver his cotton by filing suit; that in connection with the suit, defendant prevented him from selling his cotton until August 1, 1974.”
The district court held:
“The ‘impoundment’ of the cotton which plaintiff claims is the foundation of this suit was merely the result of defendant’s efforts to assert its good faith claim based on the signed document and advice of competent counsel. Such actions do not give rise to claims for damages. New Orleans Land Co. v. Slattery, 145 La. 256, 82 So. 215; Hurwitz v. Lotz, 172 La. 27, 133 So. 351; Patterson v. Lumberman's Supply Co., [La. App.], 167 So. 471; Loeb v. Johnson, [La.App.], 142 So.2d 518; Blanchard v. Employers Liability Assurance Corp., [La.App.], 197 So.2d 386.”
On appeal, plaintiff contends primarily that the district court erred in treating this action as a suit for malicious prosecution and in holding that in order to recover plaintiff would have to show defendant’s previous suit was filed without probable cause and in bad faith. Plaintiff contends this suit is not one for malicious prosecution of the previous specific performance *414 suit but is a suit for damages for the loss caused by the unnecessary impoundment of plaintiff’s cotton. Plaintiff contends he is entitled to damages without proof of malice or lack of probable cause. Plaintiff further contends that even if it is necessary for plaintiff to show these elements in order to recover, plaintiff has alleged facts constituting bad faith and lack of probable cause and there is a genuine issue of material fact in this regard.
This is an action ex delicto and recovery in this case must of necessity be based on LSA-C.C. Art. 2315 which provides that “every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” The inquiry is did the action of Kennedy in notifying the warehouse of its claim and in prosecuting its suit for specific performance against defendant amount to “fault?” Did Kennedy act unreasonably under the circumstances ?
As a guide to determining fault, the jurisprudence has developed various categories of tort actions with fairly well-defined rules. Malicious prosecution is such a category. In the interest of unfettered access to the courts for assertion or protection of legal rights, actions for malicious prosecution have never been favored. Among the elements which must concur in order to recover damages for the malicious prosecution of a suit are malice and lack of probable ;ause. Eusant v. Unity In dustrial Life Ins. and S. Benefit Assn., 195 La. 347, 196 So. 554 (1940); Blanchard v. Employers Liability Assurance Corporation , 197 So.2d 386 (La.App.2d Cir. 1967).
These rules applicable to malicious prosecution actions have not been narrowly confined to actions for damages alleged to have resulted from the prosecution of a lawsuit but have been applied to actions for damages alleged to have resulted from a resort to other legal remedies for the protection of rights, such as the inscription of liens and the filing of notices of lis pen-dens.
In Hurwitz v. Lotz, 172 La. 27, 133 So. 351 (1931) plaintiff sued for damages alleged to be recoverable because of defendant’s recordation of a lien affidavit which was canceled as a result of a prior suit. In denying recovery the court held:
“We have repeatedly held that ‘courts cannot inflict damages on a party for resorting in good faith to law for the protection of his rights.’ Bladg v. Giacomino, 170 La. 638, 128 So. 661, 662; Girot v. Graham, 41 La.Ann. 511, 6 So. 815; Brelet v. Mullen, 44 La.Ann. 199 [194], 10 So. 865.
(( 5j{ *
“As the affidavit of defendant was not recorded maliciously and without probable cause, plaintiffs are not entitled to recover the damages herein claimed. Hartz v. Stauffer et al., 163 La. 382, 111 So. 794; Graffagnini v. Schnaider, 164 La. 1108, 115 So. 287.”
In New Orleans Land Company v. Slattery, 145 La. 256, 82 So. 215 (1919), plaintiff sued defendant for damages allegedly resulting from the filing by defendant of a notice of lis pendens in connection with a suit in which defendant was ultimately unsuccessful. Plaintiff did not allege or contend that defendant was liable in damages for filing and prosecuting his suit. The only act complained of was the recording of the notice of pendency of the suit. The court held:
“He was as well within his legal right in recording a notice of pendency of his suit as he was in filing the suit. The situation therefore is the same as if he had not recorded the notice, and the prospective purchasers had been deterred from buying the property in contest by hearing or otherwise learning of the pendency of the suits.
<< * * *
“A plaintiff who has reason to believe that he has a good cause of action is not rendered liable in damages to the person sued by the finding of the court that the *415 plaintiff had not a good cause of action. Henry v. Dufilho, 14 La. 48. An action for damages for slander of title, like a suit for damages for malicious prosecution, cannot be maintained if the act complained of was done without malice and was founded upon probable cause or was prompted by a reasonable belief in a just cause of action.”
Patterson v. Lumberman’s Supply Co., Inc., 167 So. 471 (La.App.2d Cir. 1936) was a suit to cancel a materialmen’s lien and privilege and for damages allegedly resulting from the unlawful recordation of the lien. In denying recovery, the court held “it is well settled by our jurisprudence that unless the person causing the inscription of the lien is actuated by malice or ill will, no recovery lies for his unlawful action.”
In Loeb v. Johnson, 142 So.2d 518 (La.App.1st Cir. 1962) the court denied recovery to a party seeking damages for the alleged wrongful recordation of a disputed construction contract in the mortgage records, where no malice or fraud was proved and the party who recorded the contract was acting in good faith.
The primary act of defendant complained of in the instant suit for damages is the giving of notice of defendant’s claim to title and possession to the warehouse where the plaintiff’s cotton was stored. This notice had the practical effect of causing the warehouseman to withhold delivery to plaintiff until the adverse claims were judicially determined. LSA-R.S. 54:17 provides that if more than one person claim the title or possession of goods the warehouseman may require all known claimants to interplead. LSA-R.S. 54:18 provides that if someone other than the depositor or someone claiming under him has a claim to title or possession of goods and the warehouseman has information of such claim the warehouseman shall be excused from liability for refusing to deliver the goods either to the depositor or to the adverse claimant until the warehouseman has had a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to in-terplead.
The action of defendant is analogous to the filing of a lien or the filing of a notice of lis pendens. It was a resort to law for the protection or assertion of legal rights claimed. Unless there was malice and lack of probable cause on the part of defendant, plaintiff is not entitled to recovery.
The record in the previous suit shows that it was a serious, closely-contested lawsuit. Probable cause is evidenced by the entire record, particularly by the fact that Kennedy was suing on a written contract, the execution of which was not denied by Stallings. Nothing in the record of the previous suit indicated malice—the obvious motive of both parties being economic gain and business profit.
The documents in the record, the record in the previous suit, and the affidavits filed in support of the motion for summary judgment clearly reflect that Kennedy acted throughout with the advice of competent counsel. It is well settled that where a party acts on advice of counsel, the absence of malice is established and the want of probable cause is negated. Eusant v. Unity Industrial Life Ins. and S. Benefit Assn., supra; New Orleans Land Company v. Slattery, supra; Hurwitz v. Lotz, supra.
Plaintiff argues that affidavits cannot negate bad faith, malice or other subjective facts and that a trial is necessary to adjudicate these facts which are in dispute. Normally, malice and bad faith are not susceptible of being proven or dis-proven by affidavits alone. Roy & Roy v. Riddle, 187 So.2d 492 (La.App.3d Cir. 1966). However, the broad-brush conclu-sionary allegation of “bad faith” in plaintiff’s petition, without allegations of underlying facts, is not sufficient to raise genuine issues of material fact bearing on mal *416 ice or lack of probable cause. The somewhat nebulous statements contained in plaintiff’s affidavit are not sufficient to raise genuine issues of material fact as to malice and probable cause.
There being no genuine issue as to material fact on these issues essential to recovery, defendant is entitled to judgment rejecting plaintiff’s demands as a matter of law.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.