332 So.2d 787 (1976)
Conrad STALLINGS
v.
W. H. KENNEDY & SON, INC.
No. 57184.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
George M. Snellings, Jr., Snellings, Breard, Sartor, Shafto & Inabnett, for defendant-respondent.
Bridges, Young, Matthews & Davis, Pinebluff, Ark., for appellant.
George M. Strickler, Jr., Kidd, Katz & Strickler, New Orleans, for plaintiff-applicant.
DIXON, Justice.
The petition is this action was filed September 17, 1974, alleging that the defendant wrongfully caused the "impoundment" at a cotton warehouse of 441 bales of plaintiff's cotton. The petitioner alleged that the price of his cotton dropped from 89¢ per pound to 49¢ per pound when he was finally able to sell it in August, 1974. The petition refers to previous litigation between the parties during which W. H. Kennedy & Son, Inc. had given notice to the cotton warehouse of an adverse claim to Stallings' cotton.
Defendant filed a motion for summary judgment November 7, 1974, attaching affidavits making certain allegations of fact, and attaching letters concerning the matter in dispute.
On November 20, 1974 plaintiff Stallings filed a motion for summary judgment and attached certain documents, including his affidavit. Other affidavits were subsequently filed by the parties.
The trial court granted summary judgment in favor of the defendant, dismissing the plaintiff's suit, and the Court of Appeal affirmed. Stallings v. W. H. Kennedy *788 & Son, Inc., 321 So.2d 411 (La.App. 1975).
This suit is the aftermath of prior litigation between these parties. W. H. Kennedy & Son, Inc. had filed an action against Conrad Stallings and others on December 19, 1973 for specific performance of a "forward sale contract" of Stallings' cotton, alleging that Stallings had repudiated his obligations under the contract. That suit resulted in a jury verdict in favor of Stallings, rejecting the demands of Kennedy, and a judgment in Stallings' favor on June 7,1974.
It was during the pendency of that litigation that lawyers for W. H. Kennedy & Son, Inc., on December 10, 1973, notified the warehouse where Stallings' cotton was stored that Kennedy claimed the ownership and right to possession of cotton which had been stored by Stallings. (R.S. 54:18).[1]
Stallings' petition complains that the "impoundment" was in bad faith, and that after the termination of the litigation by judgment, defendant refused to permit Stallings to obtain the cotton until Stallings released Kennedy from liability, even though Kennedy did not intended to appeal the judgment of June 7, 1974.
In the opinion of the Court of Appeal, it was considered that, in order for plaintiff to prevail in the instant suit, he must prove either malice or want of probable cause in the litigation during which Stallings could not market his cotton.
The Court of Appeal determined that, even though malice and bad faith are subjective conditions of the mind which are normally not susceptible of proof by affidavit in a motion for summary judgment,[2] the allegation of bad faith in plaintiff's petition was a "broad-brush conclusionary allegation . . . without allegations of underlying facts," and concluded that there were no "genuine issues of material fact bearing on malice or lack of probable cause." The Court of Appeal ruled that the "nebulous statements contained in plaintiff's affidavit are not sufficient to raise genuine issues of material fact as to malice and probable cause." (321 So.2d 411,415-416).
It is not necessary for us to determine whether there is a genuine issue of material fact on the question of Kennedy's initial malice and bad faith, for to conclude that the "impoundment" of the cotton was initially not in good faith does not decide whether Kennedy wrongfully prevented the marketing of the cotton after the judgment of June 7, 1974. Stallings' petition alleges that even though the defendant did not intend to appeal the judgment of June 7, 1974, it prevented the sale and removal of the cotton until August 1, 1974. Stallings' affidavit filed with his motion for summary judgment on November 20, 1974 alleges:
"After the jury rendered a verdict in my favor, W. H. Kennedy & Son, Inc. refused to release my cotton unless I would sign a release to it for my claim to damages. When I tried to sell the *789 cotton, even after the 18 days had expired, no buyer would buy my cotton unless I got an `okay' from Jim Kennedy. Kennedy refused to release the cotton. I was only able to sell my cotton after the 90 days had run. I received $.49 per pound for my cotton."
We do not mean to imply that Kennedy's allegations are not traversed. Kennedy filed a letter from the manager of the cotton warehouse to the attorneys for Stallings, dated July 1, 1974, less than a month after the judgment in the first suit, to the effect that the warehouse recognized the termination of the controversy over the ownership of the cotton, and stood ready to deliver the cotton upon receipt of appropriate instructions accompanied by the warehouse receipts and other related documents.
However, the question on a motion for a summary judgment is not whether Kennedy can prove the truth of the factual allegations in its affidavit; nor is it whether, considering the documents filed by both parties, it is unlikely that the plaintiff will be able to prove his allegations. A motion for a summary judgment should be granted if, and only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." C.C.P. 966.[3]
Even though Stallings' affidavit is controverted, there remains unresolved a genuine issue of material fact.
Therefore, the judgment of the Court of Appeal is reversed, and there is now judgment denying defendant's motion for summary judgment, at defendant's cost; the case is remanded to the district court for further proceedings.
DENNIS, J., recused because he performed a judicial act in the case in another court. L.C.C.P. art. 151(3).
NOTES
[1] "If someone other than the depositor or person claiming under him has a claim to the title or possession of the goods, and the Warehouseman has information of such claim, the warehouseman shall be excused from liability for refusing to deliver the goods, either to the depositor or person claiming under him or to the adverse claimant, until the warehouseman has had a reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings: to compel all claimants to interplead."
[2] The underlying reason for this position was explained in Consolidated Elec. Co. v. United States, 355 F.2d 437, 438 (9 Cir. 1966): ". . . When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment.. . . It is important, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor, during direct and cross-examination, of a witness whose subjective motive is at issue." See 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2730 (1972).
[3] Defendant's argument that Stallings' affidavit cannot be considered because it is attached to Stallings' own motion for summary judgment, which may not be filed until after the answer has been filed (C.C.P. 966) is without merit. Nothing prohibits the judge from considering any affidavit which has been filed in the record and is germane to the questions raised in the motion for summary judgment.