No. 10,686.

JOHN TRISCONI VS. J. M. WINSHIP ET AL.

The motives and expediency which prompt the acts of a Board of Directors, done within the lawful scope of their powers and authority, are beyond judicial scrutiny and appreciation.

Stock holders have the indisputable and uncontrollable right of disposing at their pleasure of their shares in the corporation.

A majority of the stock holders, whose vote is duly expressed, has the power to determine that the business of the concern shall be stopped altogether and its affairs liquidated, in the absence of any adverse prohibition or provision in the charter or in the law.

Members of a Board of Directors, who are necessarily share holders, enjoy, like the other corporators, the right to dispose of their stock, and individually are amenable to no account.

A Board of Directors which, in furtherance of the vote of the required majority, directs a total cessation of the business of the corporation and a liquidation of its affairs, acts within the sphere of its lawful authority, and is not chargeable with any loss which the measure in its execution may entail on the minority.

Trisconi vs. Winship et al.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Leonard, Marks & Bruen* for Plaintiff and Appellant, cited: 18 How. 331; 104 U. S. 450; 88 Mass. 52; 27 Fed. Rep. 625; 50 Vt. 457; 7 Blatch. 347; 34 Tex. 425; 9 Conn. 457; 36 N. Y. 200; 34 N. Y. 78; Thompson's Liability of Stockholders, Sec. 385, 952.

*Bayne, Denègre & Bayne* and *Thos. J. Semmes & Legendre* for Defendants and Appellees:

1. The cause of action set forth in the petition is a tort and is prescribed by one year. It is a fraudulent breach of trust. 2 Johnson's Ch. 131; 11 Parge 13; 8 Blatch. 347; 4 Russ. 272; 3 Vis. 75, 20; Fed. Rep. 582..

2. If the value of shares of a corporation is impaired by wrongful acts of its officers, the injury is to the collective body; individual share holders can not sue the wrong-doer for damages. 1 Morawitz Corp., Sec. 566; 12 Met. 371; 40 Maine 415; 104 W. S. Rep. 450-482.

3. There is no law restricting the right of share holders to sell their stock nor the right of persons to buy, even though the object be to acquire control of the corporation; nor is there any law to control the action of the majority in binding the minority. 115 U. S. 597; 10 Am. and Eng. Corp. Cases, 265.

4. There has been no citation of the American Cotton Oil Trust. 28 An. 625; 25 An. 464; 30 An. 58; 95 U. S. 720.

5. If the Oil Trust is to be regarded as a partnership having a domicil in New York, it can not be sued here by service on one of its members. U. S. vs. Telephone Co., 20 Fed. Rep. 19-32.

6. If the holders of trust certificates are share holders in the trust they can not be treated as partners. Lambeth vs. Vanter, 6 Rob. 128.

7. These certificates, however, are not shares of stock. The holding of such certicates does not make the holder either a a partner or a share holder in a corporation. Morawitz Corp., Sec. 163-4, 5 Rob. 128.

7. The validity of the certificates is to be determined by the law of New York, where they were issued.

6. No damage has been shown by the plaintiff. No law requires share holders of a corporation to continue a losing business, when the charter provides for dissolution of a meeting of stock holders.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The pith of the elaborate incriminating petition in this case is that the plaintiff, as a stock holder of the Bienville Oil Works, has, in consequence of ill practices, in dereliction and violation of duty, of the directors of that corporation, aided and

Trisconi vs. Winship et al.

abetted therein by the representatives of an oil trust organization, sustained such grave injury that his shares (25) have become value-less.

He therefore prays for judgment against those directors and representatives *in solido* for the loss inflicted, namely, at least the value of the stock at par, viz: $2500.

The petition was accompanied by interrogatories on facts and articles, designed to elicit from the parties sued significant matters in support of the averments.

The defences set up are: *That* the claim is one sounding in damages arising *ex delicto*, and, as such, is barred by the prescription of one year; *that* if injury was occasioned as charged, it was sustained by the *mass* of the stock holders alike and by no one in particular, as distinguishable from that done to the others, and the plaintiff has no right of action; *that* the facts alleged are not true and not proved, and, if so, that the directors, in their individual capacity, had the right to act as they did; that, officially, they merely executed the will of a majority of the stock holders, legally expressed, in suspending the further operating or working of the company, and disposing of its assets and discharging its liabilities by a liquidation of its affairs.

On behalf of the parties who are asked to be cited, as representing the oil trust, it is urged that they do not represent that organization, which has therefore not been reached by the process of the court; that, as holders of certificates issued by the concern, they can not, under any circumstance, be held responsible, as is attempted to be done.

In an elaborate and well prepared opinion the industrious and able District Judge has unfolded the condition of the affairs of the Bienville Oil Works Company from their incipiency down to their discomfiture. He has passed on the merits of the case as to the directors; and, as concerns the alleged representatives of the trust, he has held that it was not in court in this litigation, and declined to entertain the action against it, concluding that the certificate holders would not be made liable, as was sought.

From the judgment thus rendered the plaintiff has appealed.

The *gravamen* of the complaint seems to be that the directors of the Bienville Oil Works Company, by a secret and fraudulent combination and bargain with the American Oil Trust, an alleged un-

lawful organization, transferred their stock in the company to the latter to subserve its own interests, and in disregard of their obligations to the other stock holders and in violation of their rights, have thus wrecked the company, thereby destroying the value of its stock other than that held by the trust.

The following are the salient facts of the case:

In 1871 the Bienville Oil Works Company was organized in New Orleans. For some time it was in a flourishing condition and did prosperous business, which however in the course of time finally declined, so that the stock was worth sixty only on the 1st of July, 1886, when some days later, a liquidation having been decided upon, it sank to little or nothing.

In 1884 certain parties had created an American Cotton Oil Trust, the purpose of which was the acquisition of oil mills and refineries.

Certificates of stock, for upward of forty millions, were issued, as a means to acquire the shares of stock holders in the oil factories in contemplation.

By using the certificates in that manner, parties charged with representing the trust succeeded in acquiring a majority of the stock of the Bienville Oil Works Company, the stock remaining in their names, or in that of appointed persons and not put in that of the trust.

At this juncture, the stock holders, by the required majority, considering that it was their own interest as well as that of the other stock holders who would not concur, to suspend absolutely, or stop permanently, the working of the mill, and to liquidate its affairs, did so ordain; and the directors acted in furtherance of that decision, the result being that the realized assets proved barely sufficient to meet the debts of the defunct corporation.

Indisputably, the stock holders of the Bienville Oil Works Company, including the directors, who necessarily were such, had the right to dispose, at their pleasure, of the shares which they owned in the corporation.

There exists no law which requires that a mercantile organization shall continue in business, however ruinous, when the majority of the stock holders, as fixed by the charter, or by the law when not so fixed, deem that it is their interest to go no further and to wind up its affairs.

Section 687 of the Revised Statutes expressly authorizes three-fourths of the stock holders of a corporation to dissolve it altogether.

The power and rights of such majority in this respect is placed beyond judicial supervision and control.

The discretion is absolute in them, and the minority have no occasion legally to complain. By their accepting the terms of the charter and the laws under which the same was framed and the body organized, the award of the majority becomes that of a power of the choice and selection of the stock holders, to which the minority must submit.

In the absence of any express statutory prohibition, a majority of the stock holders may wind it up, for reasons by them deemed sufficient, the moment that they act within the scope of their legal attributions. 1 Morawetz on Corp., 413, 474; Oglesby vs. Attrill, 105 U. S. 610; Bailey vs. Borkenhead L. & C. J. R. R. Co., 12 Bear 433.

The action of the majority in the instant case being lawful, as done with legal sanction and authority, this court is powerless to inquire into and determine of its expediency or the sufficiency of the motives which prompted and dictated it without transforming itself into the corporation and acting as its board of administrators, which it surely can not do.

No doubt the shares owned by the plaintiff and purchased at a premium became depreciated and went down gradually, so as finally to be reduced to nothing, but for this he has no one to blame but himself.

He could have done, as the other stock holders did—exchanged them for certificates; but he has not chosen so to do. Had he done so, he would have realized the fabulous profits which he says they have, and which he regrets not having reaped.

If he knew of the opportunity, he should have availed himself of it; and if knew not of it, it is his own misfortune. He should have been more vigilant, and not slept on his chances.

Surely, purchasers of stock are under no obligation to admonish or give notice in advance of their intention to invest, for this would be detrimental to their interest.

The evidence establishes that, after the transaction had apparently terminated, the plaintiff proposed to sell his stock, and was offered thirty per share, which he declined, asking for more.

Had he accepted, he would not be to-day an unfortunate and improvident loser, whose condition can not be improved.

This view of the case dispenses us from considering the pleas of prescription and no right of action set up by the defendants.

Judgment affirmed.