## No. 12,356.

### R. W. PRINGLE VS. ELTRINGHAM CONSTRUCTION COMPANY.

49  301|
50  794|

A corporation organized for the exclusive pecuniary benefit of its members may be wound up by a majority of its members in their discretion whenever they deem this step to be in the interest of the whole association; provided, this is done in good faith, and not for the purpose of speculation and the intention of starting the company's business anew at a subsequent time.

The articles of association form a contract between the members, and when it provides for the manner of winding up the business, and no reason is shown why the mode and manner provided can not be executed, a receiver can not be appointed to the corporation on the demand of one of the members of the corporation, who is dissatisfied with the action of the majority.

APPEAL from the Eighth Judicial District Court for the Parish of Concordia. *Dagg, J.*

---

*Lazarus, Moore & Luce* and *Elam & Dale* for Plaintiff in Rule for Appointment of Receiver, Appellant.

---

*Boatner & Hough* for Defendants in Rule, Appellees.

Argued and submitted January 20, 1897.
Opinion handed down February 1, 1897.

The opinion of the court was delivered by

McEnery, J. The defendant corporation was organized for the purpose of doing levee, railroad and similar work.

The corporation is composed of three persons who own the entire stock. The plaintiff is a member of the corporation and so are the other two litigants. The plaintiff instituted suit against the other two members of the corporation for a partition in kind of the effects of the corporation. The company was made a party and cited. Alexander Eltringham made defendant as president of said company and individually and as a stockholder, answered alleging that the corporation was no longer "a running, going, operating corporation; that under an agreement entered into between the stockholders said company could take no more contracts; that the mules, work stock, etc., were maintained at a considerable loss, and that the continued maintenance of the work stock, paying wages, etc., would with the pending litigation consume all assets of the company, unless liquidators were appointed and the property sold and distributed among the shareholders; prayed that the other two shareholders be cited to show cause why liquidators should not be appointed, the property sold and the proceeds deposited in some bank selected by the court to await the final judgment of the court. An exception was filed to the rule. An amended petition was filed praying for the appointment of a receiver. The voluminous pleadings finally terminated in the issue being presented to the court whether a receiver should be appointed. The court declined a receiver, and the mover in the rule appealed from this decree. The evidence discloses that the corporation is solvent; that the shareholders had agreed to stop work, and thus practically dissolve the corporation. The testimony does not show that the property of the corporation has been abandoned, or that there are no persons to take charge of the assets of the corporation. Conceding that the corporation has been dissolved, the charter provides for the liquidation of its affairs in such a contingency.

In pursuance of this provision of the charter the three principal stockholders, after notice, met, and a resolution was passed provid-

ing for the appointment of commissioners to liquidate the affairs of the corporation. Clark and Pringle voted for the resolution; Eltringham protested. It is not shown that the commissioners are unable to liquidate the affairs of the corporation.

It is a fundamental principle that a corporation organized for the exclusive benefit of the corporators, or shareholders, the majority of its members may, in their discretion, wind up its business whenever they deem this step to be in the interests of the whole association.

The majority may, without the consent of the minority, sell the whole of the company's property, close up its business and distribute its assets, provided this is done in good faith, and not for the purpose of speculation and the intention of starting the company's business anew at a subsequent time. Morawetz on Private Corporations, par. 413.

All the shareholders in the defendant corporation had agreed to wind up its affairs. The contention is as to the mode. The charter provides the means of winding up the corporation. It is law to the shareholders. The articles of association are contracts between them, and must be followed. No reason is shown why this corporation can not be wound up as agreed in the articles of association.

Judgment affirmed.

MILLER, J., concurs in the decree.