(55 South. 558.)

No. 18,392.

SLATTERY v. GREATER NEW ORLEANS
REALTY & DEVELOPMENT CO. et al.

(May 8, 1911.    Rehearing Denied June 17,
1911.)

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 180*)—POWER OF MAJOR-
   ITY   STOCKHOLDERS — DISSOLUTION — JUDI-
   CIAL CONTROL.

   Section 687 of the Revised Statutes of
   1870 expressly authorizes three-fourths of the
   stockholders represented at a general meeting to
   dissolve the corporation and to appoint com-
   missioners to liquidate its affairs.   This power
   and right of dissolution is not subject to judicial
   control.

   [Ed. Note.—For other cases, see Corporations,
   Cent. Dig. § 671; Dec. Dig. § 180.*]

2. CORPORATIONS (§ 180*)—POWER OF MAJOR-
   ITY STOCKHOLDERS—DISSOLUTION—SALE OF
   ASSETS—STOCK IN PURCHASING COMPANY.

   The mode of liquidating a solvent corpora-
   tion is left to the discretion of a majority of the
   stockholders, who may direct the private sale of
   the corporate assets as a whole for not less than
   the market value of the property.   When such
   a sale is made to another corporation, there is
   nothing in law or in morals which forbids
   shareholders of the selling company from taking
   stock in the purchasing company to the amount
   of their respective interests in the proceeds of
   the sale, where provision is also made for cash
   payments to all shareholders who may not de-
   sire to take stock in the purchasing corporation.

   [Ed. Note.—For other cases, see Corporations,
   Cent. Dig. § 671; Dec. Dig. § 180.*]

   Monroe and Provosty, JJ., dissent.

Appeal from Civil District Court, Parish
of Orleans; E. K. Skinner, Judge.

Action by Edward Slattery against the
Greater New Orleans Realty & Development
Company and others.   Judgment for defend-
ants, and plaintiff appeals.   Affirmed.

Hall, Monroe & Lemann, for appellant.
Dinkelspiel, Hart & Davey and Charles Lou-
que, for · appellee New Orleans Land Co.
Favrot & Friedrichs, for liquidators of Great-
er New Orleans Realty & Development Com-
pany.

LAND, J.   In March, 1905, the Greater
New Orleans Realty & Development Com-

pany (hereinafter styled the "Realty Com-
pany") was duly chartered and organized
with a capital stock of $200,000, divided into
20,000 shares of $10 each.   Plaintiff subse-
quently acquired 1,113 shares of said stock.
About September 1, 1906, an agreement was
entered into, subject to ratification by the
corporations, for the merger of the Realty
Company with the New Orleans Land Com-
pany (hereinafter styled the "Land Compa-
ny"), by which all the real estate holdings of
the former, including a certain option, were to
be transferred to the latter, in consideration
of 13,000 shares of stock of the Land Com-
pany and the assumpsit by it of all the lia-
bilities of the Realty Company, amounting to
$85,000.   This agreement was duly ratified
by a large majority, amounting to three-
fourths, of the stockholders of the Realty
Company, at a general meeting.   Before any
action was taken on the part of the stock-
holders of the Land Company, the plaintiff,
a stockholder of the Realty Company, en-
joined the carrying out of the proposed mer-
ger on the ground of illegality.

Being advised by counsel that the two cor-
porations could not be merged under the
laws of the state, the stockholders of the
Realty Company met and rescinded their pre-
vious resolution ratifying the proposed mer-
ger · agreement, and at the same meeting
adopted resolutions, dissolving the corpora-
tion, and appointing three commissioners of
liquidation, in accordance with the provi-
sions of the charter of the company, and also
directing the liquidators to sell all the real
estate holdings of the corporation for not
less than $470,000, payable in cash; the pur-
chaser to assume the liabilities of the cor-
poration for not more than $85,000.   It was
further resolved that the liquidators should
account to the stockholders for their propor-
tionate amount of the purchase price accord-
ing to the stock held by them.   The liquida-
tors under said resolutions sold at private

sale all of the real estate holdings of the Realty Company to the Land Company, for the purported consideration of $470,000 cash, and the assumpsit of the liabilities of the Realty Company to the amount of $85,000. Plaintiff thereupon instituted the present suit to annul the resolution dissolving the corporation, and the sale or transfer to the Land Company, and also a sale from George G. Friedrichs to the Land Company of certain real estate on which the Realty Company had an option.

The suit as to Friedrichs was dismissed on exceptions, and no appeal has been taken from the judgment.

On the merits, there was judgment in favor of the defendants, from which the plaintiff has appealed.

[1] Plaintiff's counsel admitted at the bar that the holders of three-fourths of the stock of the Realty Company represented at any general meeting had the legal right to dissolve the corporation. Section 6 of the charter so reads, and such right is also expressly conferred by section 687 of the Revised Statutes of 1870. In Trisconi v. Winship et al., 43 La. Ann. 49, 9 South. 31, 26 Am. St. Rep. 175, the court said:

"Section 687 of the Revised Statutes expressly authorizes three-fourths of the stockholders of a corporation to dissolve it altogether. The power and right of such majority in this respect is placed beyond judicial authority and control."

See, also, Dreyfuss v. Colonial Bank, 123 La. 66, 48 South. 649. As the exercise of a legal right can operate no legal injury, the contention is narrowed down to the legality of the transfer or sale made by the liquidators to the Land Company. It is obvious that there can be no merger as between a dead corporation and a live one.

[2] The petition alleges that the liquidators had no right to sell the assets of the corporation as a whole and at private sale, as directed by the stockholders' meeting.

There is no law prohibiting a corporation from selling all of its property at private sale. Leathers' v. Janney, 41 La. Ann. 1120, 6 South. 884, 6 L. R. A. 661; Hancock v. Holbrook, 40 La. Ann. 53, 3 South. 351; Pringle v. Construction Co., 49 La. Ann. 301, 21 South. 515. In the absence of legal or charter restrictions, the mode of liquidating a solvent corporation is necessarily left to the sound discretion of a majority of the stockholders, acting in good faith in the premises.

The petition charges that the sale to the Land Company was not made for cash, but for 13,000 shares of its capital stock transferred to the liquidators for account of the stockholders of the Realty Company. The authentic act recites that the price was paid in cash to the liquidators. As a matter of fact, the Land Company gave the liquidators a check for $470,000, and of this amount $407,249 was settled by stockholders of the Realty Company taking shares of stock in the Land Company. The balance was paid in cash, out of which was reserved a sufficient amount to pay plaintiff and other stockholders who might refuse to take stock in the Land Company. In the record there appears a check signed by the liquidators for $26,155.50, of date January 15, 1909, to order of the plaintiff drawn on the Metropolitan Bank. Hence it appears that the plaintiff could have obtained in cash on demand his full proportionate amount of the price for which the property was sold. On the trial of the case it was shown that the trustee appointed by the liquidators still had to his credit $31,678.00 representing 1,348 shares in the Realty Company which had not been exchanged for stock in the Land Company. No stock was turned over to the liquidators as alleged in the petition, but each stockholder acting for himself exchanged his check for stock in the Land Company. No attempt was made to force the plaintiff or

any other stockholder to exchange his shares for shares in the Land Company. On the contrary, ample provision was made for the payment of the amounts due stockholders who preferred to receive money. Plaintiff has no good reason in law or equity to complain that other stockholders elected to invest the amounts due them respectively in stock of the Land Company.

Plaintiff was in the beginning a strenuous advocate of a merger of the two corporations, but differed with his associates as to the terms, and finally went into court and enjoined the proposed merger on the ground of illegality. Plaintiff and another stockholder differed with their associates as to the terms of sale of all the property of the Realty Company, and after the sale was made to the Land Company plaintiff again went into court and sued to annul the sale on the ground, among others, that the price was wholly inadequate. Against the testimony of the plaintiff as to the market value of the holdings of the Realty Company at the time, we have the testimony of a number of his former associates, with equal or more experience, backed by the sworn reports of two of the best real estate experts of the city of New Orleans, to the effect that the price obtained was not only fair, but very liberal.

In summing up, our learned Brother below said:

"Full latitude was allowed the plaintiff to sustain the charge of fraud and unfair dealing. The evidence does not sustain the charge, but shows that the property of the Realty Company was sold for a large price, and for a fair price according to the evidence in the record, and for a larger price than the same property can be sold for now."

We concur in this finding.

The evidence shows that the Realty Company owed $80,000, and that a certain bank was demanding the payment of advances to the amount of $50,000, which the board of directors could not raise without selling property on a dull market. The liquidation of this pressing indebtedness was a strong inducement to merge with the Land Company, and, when that failed, to sell all the holdings of the Realty Company on favorable terms.

The option which the Realty Company had on certain lands belonging to Friedrichs was not exercised before the dissolution of that corporation, and the subsequent transfer of such lands by him to the Land Company for shares of stock does not concern the plaintiff.

The authorities cited in the very able brief of counsel for the plaintiff have been given due consideration, but we think that the case is covered by our own statutes and jurisprudence.

The liquidation of the Realty Company has been approved either expressly or tacitly by 105 out of a total of 107 shareholders, and only one stockholder representing 50 shares voted against the dissolution of the corporation and the sale of its assets to the Land Company. In corporations the act of the majority is considered as the act of the whole. Civil Code, art. 444.

Nothing less than clear proof of fraud and injury, or the violation of some prohibitory law of the state, would justify the court in annulling the sale to the Land Company.

Judgment affirmed.

MONROE and PROVOSTY, JJ., dissent.