————o————

## No. 7110.

## ALPHONSE J. CUNEO, ET AL., v. AARON STEEG, ET AL., LIQUIDATORS OF POYDRAS HOMESTEAD ASSOCIATION.

### Syllabus.

The stockholders of a corporation have a right to name liquidators to wind up its affairs; but the liquidators so named are not beyond the control of the courts, and on a proper showing may be made to render an account of their administration and otherwise perform their duties as liquidators.

Appeal from the Civil District Court, Parish of Orleans, No. 117,737, Division "D"; Honorable Porter Parker, Judge. Reversed.

J. B. Rosser, Jr., for plaintiff and appellee.

J. Dymond, Jr., & A. Griffen Levy, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Petitioners, minority stockholders of the Poydras Homestead Association, allege that said association was voluntarily dissolved, and that defendants were duly appointed by the majority to liquidate its affairs. That said liquidators have appropriated to themselves, as salaries, money to which they were not entitled; that for the purpose of defeating plaintiffs' rights in the premises, said liquidators refuse to proceed further with the liquidation, although still holding the assets of the corporation.

Wherefore they pray that said liquidators be ordered by the court to render an account of their administration and for such further relief as the case may warrant.

Defendants except that the petition shows no cause of action, because under the law (Act 159 of 1898, and R. S. 687) the right of the stockholders of a corporation is reserved to liquidate the corporation extra-judicially.

We are also referred to the following cases as holding that on such relief as that here sought is permitted, to-wit:

>Marcus v. Gullet Gin Co., 52 An. 1383.
>Russell v. Ice Co., 118 La. 442.
>Dreyfous v. Colonial Bank, 123 La. 66.
>Slattery v. Greater N. O. Realty Co., 128 La. 871.

These cases have no application to the case at bar. The first and second merely hold that a receiver will not be

468

appointed when there is no necessity for such appointment, and where the stockholders have another and adequate remedy. The third and fourth hold no more than that stockholders have a right to appoint their own liquidators; the fourth also holding that the majority stockholders have the right in some degree to direct the actions of the liquidators.

But the case before us is entirely different. Plaintiffs do not seek to take the property of the corporation out of the hands of the liquidators; on the contrary they merely ask the assistance of the Court to compel those liquidators to do their duty, and to restrain them from making an illegal use of the funds in their hands.

And we can see no reason why they cannot apply to the Court for that purpose; unless indeed the mere appointment of liquidators by the stockholders puts these liquidators above and beyond all control by the courts, and consequently above and beyond all law.

We do not think that the law ever so intended. A mere reading thereof shows that the right intended to be reserved was the right of the **stockholders**. These were not to be interfered with in the choice of liquidators under their charter.

But there is nothing in the law which can possibly mean that the liquidators, once appointed, shall be free to abuse of their power and do as they alone see fit, without interference or hindrance from any source whatever.

Such a state of affairs would represent a power unheard of in a government of laws.

And to refute the claim to any such power it suffices to say that the majority stockholders would certainly have a right to call upon the liquidators for an accounting.

469

But the liquidators are as much the agents of the minority as of the majority, and hence the minority must in law have the same right to call upon them for an accounting and to restrain their illegal actions.

We are of opinion that the liquidators of a corporation may upon proper showing be compelled to render an accunting of their administration, and otherwise directed to perform their duties as liquidators.

The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action herein filed be overruled, and that the case be remanded to the Court below for further proceedings according to law. Costs of this appeal to be paid by defendants and all other costs to await the final determination of the case.

Opinion and decree, June 25th, 1917.