LAWYERS TITLE INSURANCE COR-
PORATION, Appellant,

v.

Victorin August PITRE and National
Casualty Company, Appellees.

No. 16520.

United States Court of Appeals
Fifth Circuit.

June 10, 1957.

Harry McCall, Jr., Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., for appellant.

Patrick E. Carr, McDonald & Buchler, Metairie, La., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the district court dismissing the action below for failure to state a claim upon which relief may be granted. The only

issue is whether, as a matter of Louisiana law, in a statutory suit against a Recorder of Mortgages for damages due to the issuing of an erroneous certificate on which plaintiff relied to his detriment it is necessary that there be "privity" between the parties with respect to the issuance of the certificate.

The following facts, accepted as true for the purposes of this appeal from the complaint and the attached exhibits: On September 18, 1950, one L. S. Matis sold certain real property to J. J. Anselmo, part of the payment for which was in the form of a mortgage note for $5,250 insured by the Federal Housing Commission under the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq., and secured by a mortgage on the property sold, which note and mortgage were assigned to the Occidental Life Insurance Company of California. This mortgage was recorded on September 20th, and on that date plaintiff-appellant wrote a policy of mortgage insurance protecting the Occidental Life Insurance Company and/or the Federal Housing Commissioner against, *inter alia*, any liens or encumbrances on the mortgaged property—which policy was only written after there was issued to Matis, the vendor, a "clear mortgage certificate" dated the same day and prepared by a duly authorized deputy of the individual defendant-appellee, Clerk of Court and Ex-Officio Recorder of mortgages for the Parish of Jefferson, State of Louisiana. It was alleged that appellant had made the issuance of this certificate a condition precedent to the writing of the policy of insurance, which then had been issued in full reliance on said certificate.

It is further alleged that the certificate was defective due to the negligence of the individual appellee in that it failed to show a $3,637.50 mortgage that had been recorded against the property on September 13, 1950. Subsequently appellant was obliged to make payments of $4,989.19 on the policy to the Occidental Life Insurance Company, for which it received a full release and an assignment

of all the claims and securities of that company in this matter; attempts to obtain reimbursement from either the vendor Matis or the vendee Anselmo have proven to be fruitless, and both are alleged to be insolvent.

The present suit was brought in diversity against the individual defendant and against the surety of his official bond.

The district court dismissed the suit by a memorandum order, for failure to state a claim, citing, without comment, Smith v. Moore, 9 Rob., La., 65; Morano v. Shaw, 23 La.Ann. 379, and LSA–Civ.Code, Arts. 3393–3394.

The cited provisions of the Code read as follows:

"*Art. 3393.* These officers shall record on their register the acts which are presented to them, in the order of their date, and without leaving any intervals or blank space between them; and they are bound also to deliver to all persons who may demand them, a certificate of the mortgages, privileges or donations, which they may have thus recorded; if there be none, their certificate shall declare that fact."

"*Art. 3394.* The register of mortgages and the parish recorders performing the same duty, are answerable for injury resulting:

"1. From omitting to record such acts as are directed to be recorded in their office.

"2. From omitting to mention in their certificates one or several acts existing on their registers, unless in this latter case the error proceeds from a want of exactness in the description, which cannot be imputed to them."

Though article 3394, which imposes a civil liability on Recorders of Mortgages for injuries resulting from incomplete certificates, does not by its terms limit the right of recovery to any particular person (except, of course, in requiring that he be injured by the omission), appellees would read into it as a limitation

the phrase: "all persons who may demand them," appearing in article 3393. No reason or rule of construction is given for thus limiting this remedy to such persons as shall have demanded the certificate, except that it is suggested that the articles should be "jointly construed." But the construction contended for does not appear to us to be proper since it is evident that the phrase in question is not meant as a genuine limitation even in the article in which it appears but simply defines in reasonable terms the officials' duty to deliver the certificates. Moreover it would seem inherently unreasonable to require every person in a multiparty transaction, such as gave rise to this action, to obtain a separate certificate reading as of the same time in order that all may be protected by the statute, or even to require separate certificates for separate transactions.

 In general, under Louisiana law suits may be brought against public officials to recover damages for injuries flowing from the negligent performance of ministerial acts.[1] The statutory liability created by article 3394 has often been applied by the Louisiana courts including many times in favor of persons other than vendees of the real property involved.[2]

Appellees, however, rely on the two cases cited by the district court for the proposition that, in addition to reliance, it is also necessary that there be "privity" between the recorder and the one relying on the certificate. In Smith v. Moore, supra, it was held that a purchaser from a vendee of property at a judicial sale could not recover from the recorder any damages because of errors in the mortgage certificate furnished in connection with the sheriff's sale, even though the plaintiff had purchased the property with full warranties and subrogation to all of his vendor's rights. It was not pleaded that plaintiff there had himself relied on the certificate, but plaintiff attempted to assert the cause of action his vendor would have against the recorder; the holding of no liability to the plaintiff was thus predicated only on the conclusion by the Louisiana Supreme Court that the statutory action against the recorder was merely *in personam,* and did not run with the land to be available to subsequent purchasers of it. The court pointed out since lack of reliance by the vendee at the judicial sale (the only person who was alleged to have relied) would be a complete defense for the recorder, he should not be deprived thereof by permitting another to bring the suit from whom the defendant would not be able to elicit whether or not there had actually been reliance:

"Of this means of defense he is deprived by permitting the action to be brought in the name of his [i. e. the person who had relied] vendee, between whom and the recorder there is no *privity.*" (Brackets and emphasis added.) 9 Rob. at page 67.

The facts in the case of Morano v. Shaw, supra, are quite similar to those of the earlier case, and the decision seems to be predicated on the same grounds, as indicated by the citation of Smith v. Moore; the court stated:

"The act of omission of recorders of mortgages, which is complained of, if it gives rise to any action at

---

1. Hester v. Sanderson, La.App., 172 So. 565 (federal employee liable for negligently permitting cows to eat hay spread with arsenic); Serpas v. Margiotta, La. App., 59 So.2d 492 (liability for negligent failure to destroy a rabid dog). For the similar law in the common-law American jurisdictions see 67 C.J.S. Officers § 127 (b), p. 422; 50 Am.Jur., Statutes § 587, at 582, and the oft-cited case, Glanzer v. Shepard, 233 N.Y. 236, 135 N.E.

275, 23 A.L.R. 1425 (public weigher liable to purchaser of produce for weight incorrectly stated, even though weighing was ordered and paid for by the seller).

2. Sauvinet v. Landreaux, 1 La.Ann. 219; Fox v. Thibault, 33 La.Ann. 32; Gordon v. Stanley, 108 La. 182, 32 So. 531; Hathorn v. Hundley, 13 La.App. 323, 125 So. 774; Fisher v. Levy, 180 La. 195, 156 So. 220, 94 A.L.R. 1297.

all, it is a personal action, and not in the character of a real action which follows the property. There is no liability on this defendant in the nature of warranty. *There is no privity between him and Morano. See the case of Smith v. Moore, 9 Rob. 65. If liable on account of the omission complained of, the recorder would only be answerable in a personal action to the person purchasing the property* [i. e., the person who had relied on the certificate]." (Brackets added; emphasis added to portion cited by appellees.) 23 La.Ann. at page 382.

It appears clear to us that the failure of the plaintiff in these two cases was due to the fact that they were unable to allege that they themselves had relied on and had been deceived by the faulty certificate, and therefore they unsuccessfully tried to assert a cause of action that was never created in or effectively assigned to them. The "privity" referred to in both cases is thus a *privity of reliance.*[3]

■ Appellees further state their conception of the "privity" requirement as follows:

"Appellee does not contend that 'privity' means that the injured person must have himself ordered the certificate, but does contend that the injured person must have been a party to the transaction in which the certificate was used."

Reasonably interpreted, this is merely a less precise statement of the definition of "privity" that we indicated above, since clearly if detrimental reliance can be shown by a plaintiff he must have been a party to *a* transaction in which the certificate was used. If interpreted to mean that plaintiff can only prevail if he was a party to *the* transaction for which the certificate was obtained, it makes little sense, for a certificate is not necessarily obtained for a particular transaction, and, in any case, the recorder has no proper concern with how or how often the certificate was used.[4] But even under the more restrictive interpretation of appellees' own contention, appellant could here recover under his allegations, for not only does he assert that he was a party to the general transaction in which the certificate was used (and here it would be empty formalism to attempt to separate the sale of the property, the issuing of the note and the mortgage in payment, their assignment to the life insurance company, and the writing of the insurance into separate transactions since clearly none would have occurred without all the others), but it is also alleged that the certificate was obtained at the specific demand of the appellant for the purpose of the very transaction (the writing of the insurance) to which he was a party.

The order and judgment of the district court are reversed and the case is remanded for a trial on the merits.

3. See also the dicta in Eureka Homestead Society v. Batt, 106 La. 312, 30 So. 910, which suggests that a remote vendee failed in his action only because he failed to prove his own reliance on the faulty certificate issued at the time of an earlier transaction to which he had not been a party.

4. Cf. Gordon v. Stanley, 108 La. 182, 32 So. 531, in which it was held that even though a particular certificate was used in obtaining two separate mortgages, on different dates, though between the same parties, plaintiff had a right to rely on the certificate even on the later date.