SAMUEL, Judge.
Plaintiff filed this suit for specific performance of an alleged option giving plaintiff the right to purchase four certain lots of immovable property (Lots 13 and 14, Square A, Lot 17, Square C, and Lot 30, Square B) in Harahan Oaks, a subdivision in the City of Harahan, Parish of Jefferson. In connection with this suit, plaintiff filed a notice of lis pendens in the Jefferson Parish mortgage records.[1]
Defendant answered in the form of a general denial and reconvened for damages. Thereafter both parties filed motions for summary judgments. Following trial of both motions, there was judgment granting defendant’s motion for summary judgment and dismissing plaintiff’s demand. Plaintiff’s motion was denied. Plaintiff has appealed from that portion of the judgment which grants defendant’s motion.
Plaintiff’s claim is based in its entirety upon a provision contained in an addendum attached to several prior purchase agreements between the parties. The addendum was agreed to and signed by both parties. The pertinent provision reads:
“Purchaser reserves the right to purchase additional available lots through the remainder of Year, 1975, at a 15% discount from current list price as of this date, on any of the lots other than a 60 foot front lot, which will bear a 10% discount.”
The trial court judgment is based on a finding that the above quoted provision does not create a valid option to purchase property involved here.
On December 30,1975, plaintiff presented the defendant’s realtor with four offers to purchase the lots in suit. The offers were in writing on the standard realtor’s form used in this area. In pertinent parts the offers appear to be identical. Each was for a different lot, conditioned upon the acceptance of the other three offers, conditioned upon homestead financing, and provided that each act of sale was to be passed before the lender’s notary on or before March 1,1976. The offers were rejected by the defendant.
We find it unnecessary to decide whether or not the addendum provision constitutes a valid option. Even assuming, but not deciding, that it does, we must hold it was not properly or timely exercised by the plaintiff. In the first place, it was conditioned on financing not mentioned in the addendum provision. And in the second place, all offers were made on December 30, 1975 with the acts of sale to be passed March 1, 1976. The provision clearly calls for the purchase of the lots during the year 1975. The word “purchase” means acquisition, in this case a contemplated acquisition by an act of sale passed in 1975, not during 1976. The addendum provision does not require the defendant to accept plaintiff’s offers to purchase the lots in 1976.
*714 For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. MOB 670, Folio 9; MOB 670, Folio 10.