396 So.2d 418 (1981)
John DANE, Jr.
v.
DOUCET BROTHERS CONSTRUCTION COMPANY, INC. and Tomeny Construction Company, Inc.
No. 11387.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
*419 Roy L. Price, Metairie, for plaintiff-appellee.
Dalton, Gillen & Roniger, Samuel S. Dalton, Jefferson, for defendant-appellee.
Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, H. S. H. Verlander, Jr., New Orleans, Anthony W. Wambsgans, Metairie, for defendant-appellant, William M. Justice, Jr., Clerk of Court.
Before SAMUEL, BARRY and SARTAIN, JJ.
SARTAIN, Judge.
This litigation involves the liability of a Clerk of Court for damages arising out of the failure of his office to show a prior recorded notice of lis pendens on a mortgage certificate. Other issues pertain to third party demands of the Clerk and the vendor of the property and quantum. From a judgment casting the Clerk and the vendor in solido, the Clerk appeals. We amend as to quantum and affirm.
In January of 1976 Doucet Brothers Construction Company, Inc. (Doucet) instituted a suit[1] against Tomeny Construction Company, Inc. (Tomeny) for specific performance of a purported option to purchase four lots in Harahan Oaks Subdivision, Jefferson Parish. In connection with this suit Doucet filed the subject notice of lis pendens. Doucet was ultimately found to be unsuccessful in its demands.[2]
During the pendency of the above litigation and in March, 1976, Tomeny conveyed three of the lots to plaintiff, John Dane, Jr. The act of sale was with full warranty and made no mention of the notice of lis pendens.
Dane financed the purchase of these lots by granting a first mortgage thereon to a local bank. In connection with the mortgage he obtained mortgage certificates covering each lot from defendant William M. Justice, Jr., Clerk of Court and Recorder of Mortgages for the Parish of Jefferson. Through an error and/or oversight the mortgage certificates failed to reflect the prior recorded notice of lis pendens.
Dane, a speculative home builder, commenced construction on one of the lots when a representative of Doucet advised him of its pending suit for specific performance and the notice of lis pendens. Dane immediately discontinued work on the home site. Efforts to resolve the controversy between Doucet and Tomeny proved unsuccessful. Dane then brought suit[3] against the Clerk (Justice) and Doucet to erase and cancel from the mortgage records the notice of lis pendens. Judgment decreeing the lis pendens cancelled became final on the same date as judgment in the aforementioned suit for specific performance became final.[4]
In the meantime Dane brought the present action (July 20, 1976) against Doucet and Tomeny, Doucet on the grounds that it had no legal basis for filing the notice of lis pendens, and Tomeny on the grounds that it sold him the lots by warranty *420 deed with full knowledge of the existence of the notices. Dane subsequently amended his petition to include Justice as a defendant for his failure to disclose the notice on the mortgage certificate. Justice, while denying any liability on plaintiff's main demand, filed third party demands against Doucet and Tomeny on the same grounds as urged by Dane in his original petition. Tomeny made a third party demand against Doucet for the same reason, i. e., that it had no legal basis to file the notice of lis pendens. The trial judge, for written reasons assigned, granted judgment in favor of plaintiff, Dane, against Justice (Clerk) and Tomeny (vendor) in solido and dismissed these defendants' third party demands. Justice alone has appealed. Tomeny has neither appealed nor answered Justice's appeal.
This court in a recent decision had occasion to review the jurisprudence and codal provisions relative to the duty and liability of the recorder of mortgages. Hardie v. Justice, 353 So.2d 384 (La.App. 4th Cir. 1978). There we stated at p. 385:
"The pertinent duty and liability of recorders of mortgages are stated in C.C. arts. 3393 and 3394:
`These officers shall record on their register the acts which are presented to them, in the order of their date, and without leaving any intervals or blank space between them; and they are bound also to deliver to all persons who may demand them, a certificate of the mortgages, privileges or donations, which they may have thus recorded; if there be none, their certificate shall declare that fact.' C.C. art. 3393. (Emphasis supplied)
`The register of mortgages and the parish recorders performing the same duty, are answerable for injury resulting:

* * * * * *
`2. From omitting to mention in their certificates one or several acts existing on their registers, unless in this latter case the error proceeds from a want of exactness in the description, which can not be imputed to them.
`Each register of mortgages and/or parish recorder shall obtain and maintain in effect at all times liability insurance to cover any such errors and omissions which may occur in his office. * * *' C.C. art. 3394. (Emphasis supplied)"
See Fisher v. Levy, 180 La. 195, 156 So. 220 (1934); Chester Hoover Construction Co. v. Thornburg, 311 So.2d 542 (La.App. 3rd Cir. 1975); C.C. art. 3394.
The Clerk attempts to avoid liability on the grounds that primary responsibility should fall on Tomeny for selling the lots to plaintiff with full knowledge of the existence of the recorded notices of lis pendens. This contention begs the question. One of the obvious purposes of the duty imposed on the recorder of mortgages is to protect innocent purchasers from acquiring property that is subject to prior recorded liens, encumbrances, or other charges that affect the merchantability of the subject property. We therefore conclude, as did the trial judge, that the failure of the Clerk to note the notice of lis pendens on the certificate was, along with the action of Tomeny in selling the lots to plaintiff, a cause in fact of the damages sustained by plaintiff.
The trial judge rejected the third party demands of both the Clerk and Tomeny. Only the Clerk's claim is subject to review because of Tomeny's failure to appeal. As stated above, this claim is against Doucet and is based on the contention that Doucet's filing of the notices of lis pendens was without legal justification.
The purpose of notice of lis pendens is to give effective notice to third persons of the pendency of litigation affecting title to real property. The notice of lis pendens is not concerned with the merits of the litigation which prompted its recordation. C.C.P. art. 3751; L.E.C., Inc. v. Collins, 332 So.2d 565 (La.App. 1st Cir. 1976).
In determining whether damages are allowed for the filing of notice of lis pendens the courts have required a showing *421 that such were filed with malice and without probable cause. Hurwitz v. Lotz, 172 La. 27, 133 So. 351 (1931); New Orleans Land Company v. Slattery, 145 La. 256, 82 So. 215, 216 (1919). In the latter citation the court stated:
"A plaintiff who has reason to believe that he has a good cause of action is not rendered liable in damages to the person sued by the finding of the court that the plaintiff had not a good cause of action. Henry v. Dufilho, 14 La. 48. An action for damages for slander of title, like a suit for damages for malicious prosecution, cannot be maintained if the act complained of was done without malice and was founded upon probable cause or was prompted by reasonable belief in a just cause of action."
The record in this suit is totally devoid of any evidence that the notice of lis pendens filed by Doucet was done with malice or without probable cause.
On the question of quantum plaintiff was awarded the sum of $6,570.18. Of this amount the sum of $1,500.00 was awarded for attorney's fees in connection with the suit to cancel the notice of lis pendens from the mortgage records and the sum of $5,070.18 was awarded for interest expense incurred by plaintiff during the period of time the lots were subject to the notice and title thereto was not merchantable. The two items will be treated separately because we find the award for attorney's fees improper.
It is the well settled jurisprudence of this state that as a general rule attorney's fees are not allowed except where authorized by statute or agreed to by contract. Maloney v. Oak Builders, Inc., 235 So.2d 386 (La.1970); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir. 1977); writ refused, 343 So.2d 201 (La. 1977); Wesner: Attorney's Fees as an Element of Damages in Louisiana, 34 Tul.L. Rev. 146 (1959); and Lloyd v. Merit Loan Company of Shreveport, Inc., 253 So.2d 117 (La.App. 2nd Cir. 1971); writ refused 254 So.2d 462 (La.1971).
The plaintiff here relies on this court's holding in Lacour v. Merchants Trust and Savings Bank, 153 So.2d 599 (La. App. 4th Cir. 1963); writ refused, 244 La. 1004, 156 So.2d 56 (1963). There the defendant bank was held liable, inter alia, for attorney's fees for the handling of a mandamus proceeding to cancel a mortgage note which the bank had lost and to this extent it does appear that the case represents an exception to the above stated jurisprudence. However, it is not our purpose here to discuss the merits of Lacour as we find the facts upon which it is based distinguishable from those in the matter now before us. Further, we do not find that Lacour stands for the broad proposition that in each instance where a mandamus proceeding is invoked to cancel a recorded instrument that all parties directly or indirectly involved are potentially responsible for attorney's fees. Lacour involved the cancellation of a lost mortgage note. In the present matter the notice of lis pendens was filed incidental to a good faith action brought to seek specific performance of an option to purchase the property involved. Under these circumstances the general rule applicable to the assessment of attorney's fees as an element of damages should prevail and should not have been awarded. Inasmuch as Tomeny did not appeal, the judgment will be amended to delete this item of damages only as it pertains to Justice, the Clerk of Court.
The remaining item of damages ($5,070.18)[5] represents interest on the mortgage and taxes paid on the property for the period of time (27 months) that the same was burdened with the notice of lis pendens and title thereto was not merchantable.
Justice contends that Dane suffered no damage during the pendency of the prior litigation for the reason that during the interim period the lots enhanced in value in amounts in excess of the damages sought. *422 He offered testimony to the effect that after the notices were cancelled Dane constructed a residence on one of the lots and had sold it at a price reflecting the enhanced value.
Dane testified that it was his intention to commence construction on the lots as soon as possible and that the existence of notices prevented him from doing so. Fortunately, he owned other lots in the subdivision and was able to continue in business. His line of credit "was tied up in property over which I had no opportunity to proceed" and during which time he was forced to pay the interest and taxes. He could neither build on the lots nor sell them. While the particular lots that were subject to the notices did increase in value, he was forced to dispose of other lots that he could have just as well retained. Under these circumstances we find the measure of damages employed herein reasonable.
For these reasons the judgment of the district court relative to the award for damages is amended to read as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of John Dane, Jr., against the defendants, William Justice, Jr., Clerk of Court and Tomeny Construction Company, Inc., in the full and true sum of FIVE THOUSAND SEVENTY DOLLARS AND 18/100 ($5,070.18) together with all costs of these proceedings and legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of John Dane, Jr., and against the defendant, Tomeny Construction, Inc., in the full and true sum of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00) together with legal interest thereon from date of judicial demand until paid.
In all other respects the judgment is affirmed. All costs in both courts are assessed against the defendants, William Justice, Jr. and Tomeny Construction Company, Inc.
AMENDED AND AFFIRMED.
NOTES
[1] Trial Docket No. 183-625.
[2] Doucet Brothers Construction Company v. Tomeny Construction Company, Inc., 359 So.2d 712 (La.App. 4th Cir. 1978); writ refused, June 30, 1978.
[3] Trial Docket No. 183-986.
[4] Dane v. Justice, et al., 359 So.2d 714 (La.App. 4th Cir. 1978).
[5] Without admitting liability, the defendants stipulated to the sums of $4,116.00 interest and taxes in the amount of $951.47. The discrepancy between the total of these sums ($5,067.47) and the amount of the judgment ($5,070.18) was not raised.