GUIDRY, Judge,
concurring.
While I am in full accord with the views expressed by the author, I concur to offer thoughts with regard to the issue presented under Louisiana’s duty-risk analysis.
The Louisiana Supreme Court recently set forth the proper inquiry under a duty-risk analysis in Thomas v. Missouri Pacific Railroad Co., 466 So.2d 1280 (La.1985) as follows:
“... To establish a defendant’s liability and recover tort damages, the plaintiff must be able to answer affirmatively the following questions: 1) did defendant’s conduct contribute to the victim’s injury or is the defendant a cause of plaintiff’s harm (the causal relation issue)? 2) was the victim protected under a general rule or principle of law against the defendant’s conduct with respect to the injury inflicted on him (the duty issue)? 3) did defendant violate a duty with respect to the victim i.e., did the defendant act unreasonably (the negligence issue)? 4) have the plaintiffs sustained damages, and what is the extent thereof? Green, The Casual Relation Issue in Negligence Law, 60 Mich.L.Rev. 543, at 546 (1962).”
Initially, it must be determined whether the defendant’s act contributed to plaintiff’s injury, i.e., was it a cause of plaintiff’s injury. This inquiry does not call for a determination of the substantial, legal or proximate cause of the harm, but simply whether the defendant played any role in causing the harm suffered. Brock v. New Orleans Public Service, Inc., 433 So.2d 1083 (La.App. 4th Cir.1983), writs denied, 437 So.2d 1147 and 437 So.2d 1148 (La.1983).
Plaintiff asserts that the Clerk of Court’s failure to list the Washington Life superior mortgage on the mortgage certificate directly influenced his decision to prematurely seize Blakely’s property, which in turn allegedly caused Blakely to file for bankruptcy, resulting in a loss of the greater portion of the indebtedness owed by Blakely to him. Although this assertion is highly conjectural, we assume arguendo that it was at least a cause of plaintiff’s injury.
I also find that the third step in the analysis can be answered in the affirmative since it is undisputed that the Clerk of Court did violate the legislatively mandated duty set forth in La.C.C. Art. 3394, which imposes civil liability for injuries resulting from incomplete mortgage certificates.
In the instant case, the crucial inquiry is whether the duty imposed on the Clerk of Court by La.C.C. Art. 3394 was intended to protect plaintiff from the particular harm which he allegedly suffered.
In discussing this step in the duty-risk analysis, the Supreme Court, in Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), stated:
“... Foreseeability is not always a reliable guide, and certainly it is not the only criterion for determining whether there is a duty-risk relationship. Just because a risk may foreseeably arise by reason of conduct, it is not necessarily within the scope of the duty owed because of that *976 conduct.2 Neither are all risks excluded from the scope of duty simply because they are unforeseeable.3 The ease of association of the injury with the rule relied upon, however, is always a proper inquiry. Prosser, Law of Torts (3rd ed. 1964), 282 ff.
Where the rule of law upon which a plaintiff relies for imposing a duty is based upon a statute, the court attempts to interpret legislative intent as to the risk contemplated by the legal duty, which is often a resort to the court’s own judgment of the scope of protection intended by the Legislature. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298; Pierre v. Allstate Ins. Co., [257 La. 471, 242 So.2d 821], supra....
“All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape.” Malone, Ruminations on Cause-In-Fact, 9 Stanford L.Rev. 60, 73 (1956).”
(Footnote omitted).
In PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984), the Supreme Court expanded upon its reasoning in Hill as follows:
"... Rules of conduct are designed to protect some persons under some circumstances against some risks. Malone, Ruminations on Cause-in-Fact, 9 Stan.L. Rev. 60 (1956). Policy considerations determine the reach of the rule, and there must be an ease of association between the rule of conduct, the risk of injury, and the loss sought to be recovered. Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620 (1972). A judge, when determining whether the interest of the party seeking recovery of damages is one that falls within the intended protection of the rule of law whose violation gave rise to the damages, should consider the particular case in the terms of the moral, social and economic values involved, as well as with a view toward the ideal of justice. See Entrevia v. Hood, 427 So.2d 1146 (La.1983).”
Thus, in determining whether the duty imposed by La.C.C. Art. 3394 was intended to protect plaintiff from the injury which he sustained, one must consider the ease of association between the rule of conduct, the risk of injury and the loss sought to be recovered.
In the instant case, there is no ease of association between the rule of law which imposes a duty on the Clerk of Court to issue accurate and complete mortgage certificates and the particular risk of injury allegedly sustained by plaintiff, i.e., plaintiff’s alleged premature seizure and Blakely’s bankruptcy.
One of the primary purposes of the duty imposed by La.C.C. Art. 3394 is to protect innocent purchasers from acquiring property that is subject to prior recorded liens, encumbrances, or other charges affecting its merchantability. Dane v. Doucet Brothers Construction Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981). Another logical purpose of the duty set forth in La.C.C. Art. 3394 is for the protection of lending institutions who lend money on the faith of mortgage certificates.
In Dane, supra, the Court of Appeal affirmed the trial court’s imputation of liability upon a Clerk of Court who failed to show a prior recorded notice of lis pendens on a mortgage certificate. Because of the incomplete mortgage certificate, the plaintiff suffered damages due to his purchase of property affected by the lis pendens. Clearly in Dane, there was an ease of association between the duty of the Clerk *977 of Court to issue an accurate mortgage certificate and the injury which the purchaser suffered in purchasing lots subject to the undisclosed lis pendens.
In conclusion, although it must be concluded that the Clerk of Court was negligent in issuing the incomplete mortgage certificate, the defendant is not liable to plaintiff. The duty violated by the Clerk did not encompass the particular risk encountered by plaintiff, i.e., that Blakely would be forced into bankruptcy and plaintiff would not receive a greater return on the indebtedness owed to him.
Since the second part of the duty-risk analysis is answered in the negative, one need not consider whether plaintiff sustained any damages. Suffice it to say that the damages allegedly sustained by plaintiff, as indicated by the author, are based on a number of highly speculative assumptions and conclusion as to the probable turn of events over the next five years.
For these reasons, I respectfully concur.