WARD, Judge.
The issue in this appeal is the liability of the Recorder of Mortgages to a property owner who was evicted when a collateral mortgage, granted by a prior owner and omitted from a mortgage certificate requested by a third party, was enforced against the property.
In 1976, David M. Greenup sold property located on Columbus Street in New Orleans to Ernest B. Skipper. Guaranty Savings and Homestead Association financed the sale and obtained a vendor’s privilege and mortgage. To ascertain whether Greenup had placed any encumbrances on the property, Guaranty requested the Recorder of Mortgages to review the mortgage records and issue a mortgage certificate listing any encumbrances granted by Greenup. The Recorder failed to note on the certificate a $250,000.00 collateral mortgage Greenup had granted on April 2, 1975 to a bank later taken over by the Federal Deposit Insurance Corporation.
In 1978, Guaranty foreclosed on the property after Skipper defaulted on his loan. Guaranty ordered another mortgage certificate, in the name of Ernest B. Skipper only, which was read at the Sheriff’s sale in accordance with La.C.C.P. art. 2334. Because this second certificate was run in only Skipper’s name, the Greenup collateral mortgage was not listed on the certificate read during the Sheriff's sale. Without knowledge of the collateral mortgage, Joseph Wayne Leone purchased the property at the Sheriffs sale for $26,450.00 intending to use it as rental property after making repairs. This purchase was Leone’s first in a series of real estate investments.
*1275 This litigation began in 1980 when the FDIC, holder of the April 1975 collateral mortgage granted by Greenup, sought to enforce its mortgage against Leone’s property by executory process. Not until 1983, after the FDIC suit was converted to ordinary process and judgment was rendered against Greenup in favor of the FDIC, was the collateral mortgage recognized as the superior encumbrance on Leone’s property.
The FDIC then evicted Leone and had the property auctioned at a Sheriff’s sale. Leone again purchased the property, appraised by the Sheriff at $55,800.00, for $59,000.00. Pursuant to a consent judgment, the Sheriff paid Leone $11,700.00 out of the proceeds of the sale as reimbursement for improvements to the property. Thus, Leone voluntarily paid a net price of $47,300.00 to repurchase the rental property from which he had been evicted.
During the course of the FDIC litigation, Leone intervened, making claims against Greenup, Skipper, Guaranty, the Recorder and its insurer, Underwriters at Lloyd’s. Leone’s claims against Greenup and Skipper were severed; his claims against Guaranty and the Recorder and its insurer were tried. At trial, Leone argued that he was entitled to recover his original purchase price as well as specified damages caused by the loss and repurchase of the property. The Trial Judge dismissed all of Leone’s claims against the Recorder and its insurer. Leone obtained judgment, which has been satisfied, against Guaranty for the return of the original purchase price of $26,450.00 with interest from date of demand. Guaranty, in turn, obtained an identical judgment against the Recorder and its insurer. Leone’s appeal seeks only a reversal of the Trial Court’s dismissal of his claims against the Recorder and its insurer.
For the reasons discussed below, we affirm the Trial Court’s dismissal of Leone’s action against the Recorder and its insurer on the issue of liability, and find that Leone is not entitled to any damages for which he has not already been compensated.
Leone contends that the Recorder is liable to him for his damages under La.C.C. art. 3394 which provides:
The register of mortgages and the parish recorders performing the same duty, are answerable for injury resulting:
* * * * * *
2. From omitting to mention in their certificates one or several acts existing on their registers, unless in this latter case the error proceeds from a want of exactness in the description, which can not be imputed to them.
Each register of mortgages and/or parish recorder shall obtain and maintain in effect at all times liability insurance to cover any such errors and omissions which may occur in his office. Any amounts deductible from the coverage of such insurance shall be payable out of his clerk’s salary fund.

******

Because Article 3394 does not limit the recovery of damages to any particular category of individuals injured by the Recorder’s negligence, Leone offers two theories by which he claims the Recorder’s liability for its negligence extends to his injury.
Leone first argues that although he was not a party to the transaction for which the erroneous mortgage certificate was obtained, the use of that certificate in a transaction to which he was a party makes the Recorder liable to him for negligence. Leone’s argument is that the erroneous mortgage certificate, the one run in Green-up’s name, was ordered by Guaranty in connection with the Greenup-Guaranty-Skipper transaction, and when Guaranty foreclosed on the property against Skipper, Guaranty’s attorneys reasonably believed that the only possible new encumbrances would have been granted by Skipper, the owner of the property from the time the first mortgage certificate was issued. They therefore ordered the second certificate only in Skipper’s name and used this second certificate at the judicial sale at which Leone purchased the property.
Leone derived this “use” theory from Lawyers Title Insurance Corp. v. Pitre, 245 F.2d 334 (5th Cir.1957), in which the Court held that a title insurance company had a right of recovery against the Record *1276 er when it showed detrimental reliance upon a defective certificate. In granting the title insurer a right against the Recorder, the Court went beyond a “use” requirement and discussed the concept of “privity of reliance.”
A comparison of the title insurer’s relation to the certificate in Lawyer’s Title and Leone’s relation to the erroneous mortgage certificate in this case persuades us that Lawyer’s Title does not support an action by Leone against the Recorder. In Lawyer’s Title, the procurement of a clear certificate was a condition precedent to the issuance of the title policy by the title insurer, without which the Act of Sale would not have been passed. Thus, the title insurer, although not the party who ordered the mortgage certificate, examined the certificate and was clearly “in privity” to the transaction for which the certificate was ordered, sufficiently demonstrating its reliance on the erroneous certificate. In contrast, Leone relied only on the correct Skipper certificate obtained by Guaranty. It was Guaranty’s attorneys, not Leone, who relied on the erroneous certificate which influenced their decision to have the second certificate run only in Skipper’s name.
In Eureka Homestead Society v. Batt, 106 La. 312, 30 So. 910 (1901), the plaintiff, a remote vendee in a position similar to Leone, was denied an action against the Recorder because he failed to prove his reliance on a defective certificate ordered for an earlier sale. Significantly, in Eureka Homestead, even the attachment of the erroneous certificate to the plaintiff’s Act of Sale was insufficient to demonstrate plaintiff’s reliance. In Leone’s case, not only was the erroneous certificate not included in the judicial sale at which Leone purchased the property, but Leone offered no evidence demonstrating personal reliance upon the erroneous certificate.
These decisions indicate that before Leone may recover against the Recorder he must first prove he relied upon the defective certificate. Because Leone cannot offer such proof, the Recorder is not liable to Leone under a use or reliance theory.
Leone’s second theory offered to impose liability upon the Recorder for his damages is the duty/risk analysis as alluded to in Dane v. Doucet Brothers Construction Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981) and LeBleu v. Forum Insurance Co., 479 So.2d 972 (La.App. 3rd Cir.1985). This theory, rather than being distinct from the Lawyers Title theory, is only an articulation of Louisiana’s analysis of a tort action.
Under a duty/risk analysis, we must first determine whether the Recorder’s act contributed to or was a cause of Leone’s injury. This inquiry requires a simple determination of whether the Recorder played any role in causing the harm suffered by Leone. The Recorder’s negligence in failing to note the FDIC mortgage on the Greenup certificate, even with the intervening chain of events which occurred, was at least a cause of Leone’s injury — the purchase of the property subject to an undisclosed collateral mortgage.
The duty/risk analysis also inquires whether the Recorder violated a duty. Finding that the Recorder unquestionably violated the duty of Article 3394 which imposes civil liability for injuries resulting from incomplete mortgage certificates, this inquiry also is answered affirmatively.
The next inquiry, one more crucial in the instant case, is whether the duty imposed by Article 3394 extends to protect Leone from the particular harm which he suffered. Obviously, the duty extends to the particular harm suffered because one of the primary purposes of the duty imposed by Article 3394 is to protect innocent purchasers from acquiring property that is subject to prior recorded encumbrances. Dane, supra. We believe, however, this duty should be limited to purchasers who have directly relied on the erroneous certificate. Because Leone, unlike the Dane purchaser, did not directly rely upon the inaccurate mortgage certificate, the duty violated by the Recorder does not extend to him. Hence, the Recorder is not liable to Leone under a duty/risk analysis.
Having determined that the Recorder is not liable to Leone, we need not reach the issue of damages.
*1277 Leone has undoubtedly been injured, but only as an evicted purchaser. His remedy in this instance is against his seller or the seizing creditor at the Sheriffs sale for reimbursement of his original purchase price. La.C.C.P. art. 2379; La.C.C. art. 2621. Because the trial court judgment awarded Leone reimbursement from Guaranty, the judgment gave Leone the complete remedy which the law provides to him.
Accordingly, we affirm the Trial Court’s dismissal of Leone’s claims against the Recorder. All costs of this appeal are assessed to Leone.
AFFIRMED.