DOUCET, Judge,
dissenting.
I dissent from the majority holding in this case. In my opinion, the trial court did not err when it sustained Tudor’s exceptions of no right and no cause of action.
First, the Recorder of Mortgages cannot be held liable under a “use” or “reliance” theory. The record evidence indicates that McCartney did not order the mortgage certificate nor did it rely on it in any way. See Federal Deposit Ins. Corp. v. Greenup, 517 So.2d 1274 (La.App. 4th Cir.1987), writ denied 519 So.2d 145 (La.1988).
Second, the Recorder cannot be held liable under a duty/risk analysis. In order to be held liable under the duty/risk analysis, one needs to prove that he/she has suffered damages. There is no evidence in the record indicating that McCartney has sustained any damages whatsoever as its mortgage is still in effect and can still be enforced against the mortgaged property in the possession of any subsequent purchaser, and McCartney’s claim can still be enforced against AED-American. These are the same rights that McCartney originally had.
The majority remands the case to the district court being of the opinion that this would give McCartney Oil the opportunity to prove how it has been damaged. However, even if McCartney Oil can prove that it has suffered damages, the action would still be defeated under the duty/risk analysis since the duty imposed by La.C.C. art. 3394 does not protect McCartney Oil from the particular harm which it suffered, i.e., the duty is limited to purchasers who have directly relied on the erroneous certificate. Dane v. Doucet Brothers Construction Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981). The record establishes that the *62 plaintiff in the instant situation did not directly rely on the erroneous certificate.
I would affirm the judgment of the lower court sustaining Tudor’s exceptions of no cause and no right of action.