### Patsey Shall *v.* Thomas Banks.

Motions to dismiss appeals must be filed in writing before joinder in error or answer to the merits, or such preliminary objections will be considered as waived.

To enable a lessee to recover from the lessor the cost of repairs to the premises leased made by the former, he must show that the latter refused or neglected to make them, though requested to do so ; that they were indispensable, and such as the lessor was bound to make ; and that the price paid for them was reasonable. C. C. 2663, 2664.

Appeal from the District Court of the First District, *Buchanan,* J.

*Claiborne,* for the plaintiff.

*C. M. Jones,* for the appellant.

Garland, J. The petitioner alleges, that she leased of the defendant a hotel in the city of New Orleans for the term of four years, at the rent of $12,500 per annum, payable quarterly, to secure which sum she gave sixteen notes, four of which were delivered to the defendant on the 1st of November, 1838, when the lease commenced, and the others were deposited in the bank to be delivered annually. She also avers, that said hotel was to be delivered on the day mentioned, in good order and condition, with all the necessary appurtenances, so that she could open it for the reception of company immediately, and proceed with her business. The petition then proceeds to allege, that the hotel was not so delivered ; and further, that many fixtures, indispensably necessary to an establishment of the kind, which were in it when the contract was made and represented by the defendant

as forming a part of it, were removed or destroyed, previous to the day of delivery ; in consequence of which, as the petitioner alleges, she could not open the hotel for about fourteen days, whereby she lost or sustained damage to the amount of $1168, 26 ; and was furthermore obliged to expend the sum of $1169, 63, in having the necessary repairs and fixtures made, a detailed account of which is filed. For the two sums aforesaid, a judgment is asked, and an injunction was issued to restrain the defendant from withdrawing from the bank one of the notes amounting to $3125, which was discharged on his giving bond and security. The answer to this demand is a denial of any indebtedness or responsibility whatever.

The lease annexed to the petition does not state what the condition of the building and fixtures were at the time of the contract, but contains a promise, on the part of the lessee, to restore everything in the same order as she received it, the ordinary wear and tear excepted ; and the lessor " promises and binds himself to have the roof of said premises kept tight and in good order, during the continuance of the lease, and nothing farther." The other clauses it is not necessary to state.

The parol testimony shows that, before the plaintiff took possession of the premises, a tenant who had occupied them for some years previously, took down and carried away, or sold to the plaintiff, various fixtures in the kitchen, bar-room, and other places about the house. The plaintiff sent one or more messages to the defendant, informing him what was being done, and he replied that he would stop it or prevent it. On the 1st of November, 1838, the day mentioned in the lease, the plaintiff took possession of the premises, but did not, so far as the record informs us, call on the defendant to make any repairs, or replace any of the fixtures, furniture or cooking utensils, destroyed or taken away by Waterman, the former tenant ; but she at once proceeded to have such repairs and fixtures made, without authority, and it is proved, expended about $1168 26 in that way, which constitutes the first part of her demand. It further appears, that the plaintiff had engaged three bar-keepers at annual or monthly wages, and also two porters, whose time commenced on the 1st of November, 1838, and that, in consequence of car-

rying on the aforesaid repairs and work, neither the hotel could be opened for the reception of boarders and company, nor the bar room for the patrons of such an establishment, until the 14th of the month. One of the bar keepers swears, that the average receipts at the counter would have been $175 per day ; but what could have been made in the hotel is not shown ; nor is it shown what part of the $175 per day was profits.

During the pendency of the suit, on motion of the counsel for the plaintiff, it was "ordered, that F. B. Conrad, Esq., assignee of the defendant, be made a party to this suit." No notice of this motion and order was ever served on any one, nor is there any plea or evidence in the record, of the defendant ever having become a bankrupt, or in what manner Mr. Conrad became his assignee. · No certificate of discharge as a bankrupt is set up as a bar to the action, or offered in evidence.

The judge below, being of opinion that the plaintiff had made out her demand, gave her a judgment " against the defendant, represented by his assignee in bankruptcy" for $2066, with legal interest until paid ; from which judgment the defendant has appealed.

During the month of May last, the counsel " agreed that this cause should be submitted to the court by argument in writing." At the time of this agreement no motion had been filed to dismiss the appeal, but the counsel for the appellee, in his written argument, presented some days after the submission of the case, insists upon its dismissal, because, as he avers, the defendant, Banks, is a certificated bankrupt and cannot stand in judgment, and his assignee has not appealed.

It is the settled practice of this court, that motions to dismiss appeals must be in writing before there is a joinder in error, or answer to the merits, otherwise the preliminary objections are considered as waived. But if this were not the well established practice of the court, the appellee in the case could not succeed in her object, as there is not the slightest evidence before us that Banks is a bankrupt, and he does not seek to discharge himself by any such plea.

Upon the merits of this case, we are of opinion the court below erred, in giving a judgment for the plaintiff. Article 2663

Shall v. Banks.

of the Civil Code tells us that, the lessor is bound to deliver the thing in good condition, and during the continuance of the lease, to make all the repairs necessary, except those the tenant is bound to make. Article 2664 further declares that, if the lessor do not make the necessary repairs in the manner required, the lessee may call on him to do it; that, if he refuse or neglect to make them, the lessee may then cause them to be made and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid is reasonable. In this case, there is no proof that the plaintiff ever called on the defendant to make the repairs, the price of which is now claimed. It is not shown that they were indispensable, nor is the price paid, proved to be just and reasonable. The book-keeper of the plaintiff swears, that the bills were paid, but he knows nothing further about them. He was not in the employment of the plaintiff, until all the alleged repairs were completed. None of the workmen engaged in making them were examined, to show the necessity or utility of what was done. The owners of houses would soon be ruined, if it were permitted to every tenant to make such repairs as his fancy or caprice might dictate, without notifying the owner of the property of the intention.

As to the damages, only one witness testifies in relation to them, and he fixes no sum at all; yet they have been allowed at the rate of about one hundred dollars per day. We should require very conclusive proofs, that the plaintiff could have made that much, clear of all expenses, in the first two weeks after opening a new establishment of the kind she kept.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that there be judgment against the plaintiff, as in case of nonsuit; she paying the costs in both courts.